■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY SCOTT NANNI, Appellant.—Main, J. P. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered September 16, 1983, upon a verdict convicting defendant of the crimes of attempted rape in the first degree, sexual abuse in the first degree and endangering the welfare of a child.

On this appeal, defendant first argues that County Court erred in not suppressing certain statements made to the police. Specifically, defendant asserts that his statements should have been suppressed because he was actually represented by an attorney in an unrelated criminal case at the time of his arrest on the instant charges. We disagree.

The evidence adduced at the suppression hearing established that, prior to waiving his rights and making the statements he later sought to suppress, defendant was asked by the police officers, who were aware that defendant had been charged with an unrelated crime months earlier, whether that criminal matter was still pending and whether he was represented by an attorney. Defendant replied in the negative to both questions, stating specifically that he had already served a sentence in connection with the prior crime. Such, in fact, was not true. Clearly, the police officers, who had actual knowledge of a recent arrest, had an obligation to inquire as to whether defendant was represented by an attorney on any outstanding charge (see, People v Bartolomeo, 53 NY2d 225). Their inquiry fulfilled that obligation. Given defendant's response to the inquiry, there was a reasonable basis for the police officers to believe that defendant neither had charges pending against him nor was then represented by counsel (see, People v Lucarano, 61 NY2d 138; People v Marshall, 98 AD2d 452; People v Baldi, 96 AD2d 212). Having been led to reasonably believe that the only prior criminal case about which they had knowledge had been terminated by conviction and imposition of sentence, the police officers were under no further duty to undertake a full investigation to determine whether defendant's own statements were accurate (see, People v Lucarano, supra, p 147; People v Marshall, supra, p 463). Accordingly, County Court correctly denied defendant's motion to suppress his statements.

Defendant next argues that the concurrent prison sentences of 3⅓ to 10 years, 1 to 3 years, and one year for his conviction of the crimes of attempted rape in the first degree, sexual abuse in the first degree and endangering the welfare of a child, respectively, are excessive and should be reduced. Ab-

sent a showing that County Court abused its discretion, we will not disturb the sentence imposed (see, People v Donnelly, 103 AD2d 941, 942-943). Here, given defendant's prior criminal record, we are not disposed to disturb the sentence.

Judgment affirmed. Main, J. P., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.