■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN FITZGERALD ROUSE, Appellant.—Judgment unanimously

affirmed. Memorandum: Defendant contends that the suppression court erred in failing to suppress both his oral statements and written confession to the police because the police had knowledge of an unrelated charge pending against him. Since defendant told the police that his prior criminal case had been resolved, his oral statements were properly admitted *(see, People v Lucarano,* 61 NY2d 138, 148, *rearg denied* 62 NY2d 803; *People v Nanni,* 114 AD2d 592, *lv denied* 66 NY2d 921). After defendant's oral statements, but prior to his written confession, the police received information which indicated that a charge was still pending against defendant. This information contradicted what defendant had previously told the police and may have required them to make further inquiry because it was no longer reasonable to believe his disclaimer *(see, People v Lucarano, supra).* Even assuming that the admission of defendant's written confession was error, we find that the error on this record was harmless *(People v Crimmins,* 36 NY2d 230, 242). There was overwhelming evidence of defendant's guilt based on the identification by the victim and defendant's detailed oral statements. Given the overwhelming evidence of guilt, we find that there was no reasonable possibility that the jury would have acquitted defendant had it not been for this error.

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Orleans County Court, Miles, J.—attempted murder, second degree, and other charges.) Present—Doerr, J. P., Boomer, Green, Lawton and Davis, JJ.