THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID R. HOLT, Appellant.

Fourth Department, July 12, 1985

**APPEARANCES OF COUNSEL**

*Richard H. Speranza* (*Thomas Brandt* of counsel), for appellant.

*Peter L. Broderick, District Attorney* (*Shavasp Hanesian* of counsel), for respondent.

**OPINION OF THE COURT**

SCHNEPP, J.

Although driving while intoxicated may constitute a gross deviation from the standard of care that a reasonable person would observe, such conduct must be the cause of death of another person in order to establish prima facie proof of criminally negligent homicide. It is the People's claim that defendant was grossly negligent in operating a vehicle while intoxicated during adverse weather conditions and that on this proof alone the jury could infer that this conduct on the part of defendant caused the accident which resulted in the victim's death.

Defendant appeals from a judgment convicting him of criminally negligent homicide (Penal Law § 125.10), two counts of

driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]), and five additional counts relating to criminal possession of controlled substances and weapons. We address the issue which relates to the consequences which flow from defendant's operation of the vehicle while intoxicated and agree that his conviction for criminally negligent homicide should be reversed and that count of the indictment dismissed.[*]

The evidence against defendant relating to this charge established that on a blustery February night in 1981 he was driving while intoxicated and struck and killed a pedestrian, a 15-year-old girl who was walking home from a high school basketball game. There were no eyewitnesses to the accident which happened about 10:00 P.M. on Niagara Street near its intersection with 9th Street, in the City of Niagara Falls. The proof showed that the impact between the right front of the vehicle and the victim occurred in the street in defendant's proper lane of travel about 10 feet from the curb. The proof also showed that Niagara Street was illuminated and that the victim was wearing an "eggshell white" coat. The victim's body was found in a snowbank between the curb and the sidewalk about 70 feet from the estimated point of impact. Photographs in evidence reflect that the sidewalks were clear of snow. There was evidence of some slush or icy ridges on the highway edges. A sleet-type freezing rain was falling and the street was wet but not snow covered. Defendant testified that he had been drinking, that he was driving no faster than 15 miles per hour due to the weather conditions and that he did not see the girl but only heard a "thump" and stopped because he thought he might have hit something.

The People adduced no proof by either direct or circumstantial evidence of the speed at which defendant was traveling or that he was driving in an erratic or reckless manner. The chief medical examiner testified that there was no way to determine the speed of the vehicle at the time of impact from the victim's injuries.

The burden, of course, was on the People to show beyond a reasonable doubt that (1) the defendant was criminally negli-

---

\* Penal Law § 125.10 provides that "[a] person is guilty of criminally negligent homicide when, with criminal negligence, he causes the death of another person." Criminal negligence is defined by Penal Law § 15.05 (4) as follows: "A person acts with criminal negligence with respect to a result or to a circumstance described by a statute defining an offense when he fails to perceive a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation."

gent in that he failed to perceive a substantial and unjustifiable risk "of such nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation" (Penal Law § 15.05 [4]) and (2) the conduct resulted in the death of another person (Penal Law § 125.10).

It cannot be gainsaid that poor weather conditions require heightened awareness by all drivers, and that in his intoxicated condition defendant had the culpable mental state of "criminal negligence" and should not have driven at all. Certainly, driving while intoxicated is sufficient evidence of a "gross deviation" from the required standard of care to permit a jury to find a defendant has acted with criminal negligence. "Experience has demonstrated that intoxicated drivers are far more likely to become involved in accidents than those who have not been drinking" and that alcohol is a factor in more than half of all vehicular fatalities (Governor's Memorandum on Approval [L 1981, ch 910], 1981 McKinney's Session Laws of NY, at 2636 [amending Vehicle and Traffic Law § 1192 to increase the penalties relating to driving while under the influence of alcohol]; *see also,* L 1981, ch 910, § 1). Indeed, under Penal Law § 125.12, a criminally negligent homicide committed by an intoxicated driver now constitutes the more serious offense of vehicular manslaughter (as added by L 1983, ch 298, eff Sept. 1, 1983). However, although "[t]he rising incidence of drunken driving is deeply disturbing to all citizens of the State of New York" (Governor's Memorandum on Approval [L 1981, ch 910] McKinney's Session Laws of NY, at 2636), the issue presented here is whether this conduct standing alone makes such a driver criminally responsible for a victim's death notwithstanding a total lack of evidence from witnesses or experts as to the manner in which the accident occurred.

Assuming that hazardous road conditions require reasonable drivers to exercise increased care and that, due to his intoxication, defendant failed "to perceive the risk in a situation where [he] ha[d] a legal duty of awareness" (*People v Haney,* 30 NY2d 328, 334), and that his conduct amounted to a gross deviation from the required standard of care, his conviction is still based on the implication that the accident resulted from his intoxication. An essential element of the crime is that the alleged criminally negligent conduct "causes the death of another person." (Penal Law § 125.10.) Under the People's theory, defendant's illegal conduct (i.e., driving while intoxicated) was sufficient to allow the jury to find criminal negligence *and* causation.

Every driver is charged with the duty of seeing what he should have seen had he kept a proper lookout. In this case the trial proof discloses that the victim was struck in the middle of the block and in the defendant's lane of travel. The record contains no proof as to whether the victim was standing or walking in the street, and thus should have been visible for a considerable distance, or darted into the path of defendant's vehicle. Although defendant had a duty of awareness which, given his intoxication, he may have failed to perceive that he could not discharge, there is no proof from which it may be inferred beyond a reasonable doubt that a reasonable driver capable of maintaining a proper lookout would have seen this pedestrian and been able to take appropriate steps to avoid the accident.

The risk that defendant should have perceived is that a pedestrian would have been present on the well-illuminated city street, not at an intersection, and that he would not see her or take appropriate steps to avoid her because he was intoxicated. However, there is no proof that the victim's conduct placed her within or without the scope of the risk defendant should have perceived. Mere proof of his intoxication and that an accident in fact occurred does not establish that the death of this girl was the result of defendant's "gross deviation" from the required standard of care (*see, People v Haney,* 30 NY2d 328, *supra*) or constitute sufficient evidence of criminally negligent homicide (*see, e.g., People v Lewis,* 53 AD2d 963). Defendant's negligence must be the cause of the accident (*see, People v Roberts,* 72 AD2d 954).

There was no evidence to support the inference that defendant had the opportunity to observe the victim prior to the accident and the record is devoid of proof of other culpable conduct. There was no proof of skid marks, failure to obey traffic signals and signs, failure to warn, loss of control of the vehicle, lack of brakes, traveling on the wrong side of the street, swerving, or any other negligent conduct. There was no evidence of fractures or of massive external injuries to the victim. The only relevant evidence other than intoxication was the fact that the victim's body was found approximately 70 feet from the estimated point of impact. No proof was offered, however, attempting to utilize this evidence in order to determine whether the vehicle was speeding at the time of impact. Defendant should not be found guilty of homicide unless his conduct " 'was a cause of death sufficiently direct as to meet the requirements of the *criminal,* and not the *tort,* law' " (*People v Kibbe,* 35 NY2d 407, 412).

In our view, the proof was insufficient to permit the jury to draw the inference that defendant's criminal negligence caused the death of a person. The judgment should be modified by reversing the conviction for criminally negligent homicide and dismissing that count in the indictment. We have examined other contentions raised by defendant with relation to the remaining convictions and find them to be without merit.

DILLON, P. J., CALLAHAN, DOERR and BOOMER, JJ., concur.

Judgment unanimously modified, on the law, and as modified affirmed, in accordance with opinion by Schnepp, J.