■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD RENNOLDSON, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was properly convicted of vehicular manslaughter (Penal Law § 125.12) for causing the death of his passenger. Defendant's act of driving while intoxicated was sufficient evidence of a "gross deviation" to support the jury's determination that defendant had acted with criminal negligence *(see, People v Holt,* 109 AD2d 174, 176). Here, in contrast to the case of *People v Holt (supra),* there is evidence to support the inference that defendant's intoxication caused the death of the victim. The physical facts show that defendant, while intoxicated, drove his automobile at a high rate of speed, causing it to enter a ditch on the wrong side of the road and to travel 374 feet in the ditch, strike a culvert, roll over and continue 87 feet beyond the culvert.

We reject defendant's contention that the ampoules used in the breathalyzer test were too old to give an accurate result. By failing to raise the issue below, defendant has failed to preserve it for our review as a matter of law *(see, People v Farrell,* 58 NY2d 637, 639).

We have examined defendant's other arguments on appeal and we find that none requires reversal. Finally, considering the circumstances of this case and defendant's criminal record, we determine that the sentence imposed was not harsh and excessive. (Appeal from judgment of Ontario County Court, Reed, J.—vehicular manslaughter, and other offenses.) Present—Callahan, J. P., Doerr, Boomer, Green and Pine, JJ.