■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD KEITH DOUGLAS, Appellant.—Appeal by the defendant from a judgment of the County Court, Dutchess County (Traficanti, J.), rendered March 16, 1984, convicting him of criminally negligent homicide (two counts), upon a jury verdict, and imposing sentence.

Judgment affirmed, and case remitted to the County Court, Dutchess County, for further proceedings pursuant to CPL 460.50 (5).

The evidence adduced at the trial established that the defendant attempted to pass several cars on a two-lane highway in a restricted-view, no-passing zone, at a speed in excess of 75 miles per hour. When the defendant saw that he did not have enough time in which to pass an automobile because of an oncoming car, he had insufficient space to safely move back into his own lane without colliding with the car in front of him. The force of the ensuing collision broke the rear axle of the car in front of the defendant's, thereby causing that car to skid out of control into the path of the oncoming vehicle. This evidence amply supported the jury's finding of criminally negligent homicide *(see,* Penal Law § 15.05 [4]; § 125.10; *see, People v Haney,* 30 NY2d 328; *People v Abbott,* 84 AD2d 11; *People v Chevalier,* 55 AD2d 721).

We find no error in the trial court's rulings that would have allowed the People, had the defendant taken the stand and

testified that he was neither intoxicated nor impaired, to impeach him with (1) the results of a blood test taken 3½ hours after the accident showing a blood alcohol level of 0.07%, and (2) the fact that the defendant refused to take a "breathalyzer" test *(see,* Vehicle and Traffic Law § 1194 [4]; § 1195 [2] [b]; *People v Thomas,* 46 NY2d 100, *appeal dismissed* 444 US 891; *People v Johnson,* 27 NY2d 119, *cert denied* 401 US 966).

Defendant further argues that several witnesses should not have been allowed to testify that they saw a car resembling the defendant's car pass them at a very high speed approximately one mile prior to the site of the accident. Defendant contends that this testimony was not sufficiently connected to him. The trial court properly ruled that this testimony, coupled with one witness's testimony that no other car passed them or was speeding at that point, and the testimony of the defendant's passenger that the defendant was driving at a high speed and passing several groups of cars just prior to attempting to do so once more when the accident occurred, was sufficient to connect the complained-of testimony to the defendant *(see, People v Mirenda,* 23 NY2d 439).

We find no merit to the defendant's remaining claims of error as to the trial court's evidentiary rulings or its *Sandoval* decision *(see, People v Sandoval,* 34 NY2d 371). Mangano, J. P., Thompson, Brown and Eiber, JJ., concur.