THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL BATTEASE, Appellant.

On March 23, 1985, at approximately 2:30 A.M., the defendant, while operating a motor vehicle, was involved in a collision with another vehicle which resulted in the death of one of its passengers.

Viewing the evidence in the light most favorable to the People, the evidence was legally sufficient to sustain the conclusion that the defendant's failure to perceive that his actions created a substantial and unjustifiable risk of death was a gross deviation from the standard of care that a reasonable person would have observed (see, Penal Law § 15.05 [4]; § 125.10), and that such actions constituted " 'a cause of death sufficiently direct as to meet the requirements of the *criminal,* and not the tort, law' " *(People v Kibbe,* 35 NY2d 407, 412).

The evidence adduced at trial establishes that at an intersection approximately one mile west of the accident, two State Troopers had observed the defendant's vehicle make an illegal left-hand turn, heading eastbound into the westbound lane of Route 202, described as a winding road. The road conditions were poor, as it had been sleeting that night. The defendant's maneuver caused the police car to swerve in order to avoid colliding with the defendant's vehicle. The troopers pursued the defendant's vehicle with their emergency lights flashing. Despite their efforts to overtake the defendant's vehicle, which they estimated to be traveling at a rate in excess of 70 miles per hour, they were only able to observe him from a distance. They were, however, able to view his taillights as he passed two cars, once again proceeding eastbound in the westbound lane, having crossed over a solid double yellow line.

The defendant, still approaching oncoming traffic, failed to negotiate a curve and collided with the victim's car. Each vehicle was propelled against the westbound guardrail by the impact, coming to rest 102 feet apart. Debris from the accident was situated less than 10 feet away from the victim's car.

At the scene, the two troopers and a witness detected the odor of alcohol on the defendant's breath and an inspection of the impounded automobile led to the discovery of three opened beer bottles under the driver's seat. The defendant

testified to having had three beers that evening at a bar. A blood test taken three hours after the accident pursuant to court order revealed that defendant's blood alcohol level was .05.

Upon the evidence adduced, the trier of fact could reasonably have found that the defendant was criminally negligent *(see, People v Rooney,* 57 NY2d 822; *People v Holt,* 109 AD2d 174).* Moreover, we see no reason to disturb the Trial Judge's determination as to the credibility of the witnesses *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932; *People v Rodriguez,* 72 AD2d 571).

We find that the trial court properly exercised its discretion when it found the police officer qualified to render an expert opinion as to the point of impact of the vehicles *(see, Meiselman v Crown Hgts. Hosp.,* 285 NY 389; *cf. People v Boice,* 89 AD2d 33, 35).* In addition to having completed academic training in the field of accident investigation and reconstruction, the officer, a member of the accident investigation squad at the time of trial, had extensive practical experience, which included his having responded to over 400 motor vehicle accidents *(see, People v Donaldson,* 107 AD2d 758; Richardson, Evidence § 368, at 343 [Prince 10th ed]).* Furthermore, the officer's testimony was properly " 'based on facts in the record or personally known to the witness' " *(Hambsch v New York City Tr. Auth.,* 63 NY2d 723, 725; *Cassano v Hagstrom,* 5 NY2d 643, 646).

Finally, we conclude that the defendant's sentence to a term of six months' imprisonment, to run concurrently with, and as a condition of a term of five years' probation, and lesser sentences on the remaining convictions, was not excessive. The trial court observed the principles of sentencing and properly considered the "four principal objectives of punishment [which] are deterrence, rehabilitation, retribution and isolation" *(People v Suitte,* 90 AD2d 80, 83),* in imposing sentence. We perceive no basis upon which to substitute our discretion for that of the trial court. Mollen, P. J., Brown, Weinstein and Rubin, JJ., concur.