■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST H. BONNER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered June 11, 1986, convicting him of criminally negligent homicide, assault in the third degree (three counts), and operating a motor vehicle while under the influence of alcohol, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed, and the case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

Contrary to the defendant's present contention, we find that the admission of the empty alcoholic beverage bottles into evidence was proper. The hearing evidence demonstrates that the bottles were observed in plain view on the front passenger seat floor of the defendant's automobile after the investigating officer entered the vehicle pursuant to his statutory duty to assist in the exchange of motor vehicle ownership and insurance information at the scene of an accident *(see,* Vehicle and Traffic Law § 600 [1] [b]; [2] [b]). Since the defendant was

unable to personally conduct this legislatively mandated exchange, the minimal and circumscribed intrusion into his vehicle as part of a routine accident investigation did not offend the constitutional prohibitions against unlawful searches and seizures *(cf., People v Class,* 63 NY2d 491, *revd* 475 US 106, *on remand* 67 NY2d 431).

We similarly reject the defendant's claim that his guilt of the offense of criminally negligent homicide was not proven beyond a reasonable doubt. The direct, circumstantial and expert opinion evidence adduced at trial demonstrated that the alcohol-impaired defendant failed to maintain control of his vehicle while traveling on a major parkway, struck a guardrail and scraped along it for a substantial distance, and then jumped the rail and traveled on the other side of the parkway in the wrong direction until he struck another vehicle head on, killing one of its occupants and injuring the other three. Moreover, when questioned as to the manner in which the accident occurred, the defendant stated that his vehicle experienced no mechanical failure or defect and that he had been forced to consume alcohol at gunpoint by some unidentified and apparently nonexistent person or persons. Hence, in our view, the evidence was sufficient to sustain the defendant's conviction, and the verdict was not against the weight of the evidence *(see, e.g., People v Rooney,* 57 NY2d 822; *People v Battease,* 124 AD2d 807; *People v Douglas,* 118 AD2d 723, *lv denied* 68 NY2d 769; *People v Rennoldson,* 117 AD2d 994).

Finally, in view of the court's familiarity with all of the pertinent sentencing factors and its proper exercise of sound discretion, we discern no basis for disturbing the sentence imposed *(see, e.g., People v Battease, supra; see generally, People v Pedraza,* 66 NY2d 626; *People v Suitte,* 90 AD2d 80). Lawrence, J. P., Kunzeman, Kooper and Spatt, JJ., concur.