■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY DAVIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Balbach, J.), rendered July 2, 1982, convicting him of criminally negligent homicide, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

We find that the evidence was legally insufficient to permit

the jury to find beyond a reasonable doubt that the defendant's conduct caused the victim's death *(see,* Penal Law § 125.10; *People v Kibbe,* 35 NY2d 407, 412). The evidence adduced at trial established that the defendant, who was sitting in his parked car, and the victim, who was standing on the sidewalk, were engaged in a conversation when several gun shots were fired in dangerous proximity to them. In an attempt to flee the firing, the victim ran several feet down the sidewalk before tripping and falling into the street. At the same time the defendant "ducked" and attempted to drive away from the curb. An eyewitness observed the right front wheel of the defendant's vehicle run over the victim only seconds after she had fallen into the street. The point of impact was approximately 10 feet from the sidewalk and some distance from the nearest intersection.

It is manifest that the defendant can only be charged with the duty of seeing what he would have seen had he kept a proper lookout *(see, People v Holt,* 109 AD2d 174, *lv denied* 66 NY2d 615). There is no evidence in the record before us from which the jury might reasonably have inferred that the defendant would have seen the victim lying in his path in time to avoid a collision, even if he was keeping a proper lookout. It is entirely possible that the collision was caused by the victim's falling into the path of the defendant's oncoming vehicle rather than by any negligence on the part of the defendant.

Nor is there any proof of culpable conduct on the part of the defendant other than that he "ducked". The eyewitness unequivocally stated that the defendant did not veer towards the sidewalk and that at the moment when the defendant accelerated the street was clear of pedestrians and other vehicles. In addition, the defendant's vehicle was being driven away from the curb in the proper lane of travel. Nor is there conclusive evidence that the defendant was operating the car at an excessive speed. Finally, the defendant did not create the circumstances which led to the victim's death. Instead, it was the firing of gun shots in dangerous proximity to the victim and the defendant which set this chain of events in motion.

The defendant "should not be found guilty of homicide unless his conduct ' "was a cause of death sufficiently direct as to meet the requirements of the *criminal,* and not the *tort,* law" ' " *(People v Holt, supra,* at 177, quoting *People v Kibbe, supra,* at 412). On the record before us, the proof was insufficient to permit the jury to infer that the defendant's conduct constituted a "sufficiently direct" cause of the victim's death

to warrant the imposition of criminal liability *(People v Holt, supra,* at 177-178; *People v Roberts,* 72 AD2d 954, 955).

Having concluded that the evidence presented was insufficient to sustain the defendant's conviction of criminally negligent homicide, we need not address the other points raised. Brown, J. P., Kunzeman, Kooper and Balletta, JJ., concur.