■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHERRY L. HESS, Appellant.—Mahoney, P. J.

At 9:30 P.M. on July 13, 1985, the automobile which defendant was driving crossed the center line of State Route 7 in the Town of Conklin, Broome County, and collided head on with another vehicle, killing its driver, 34-year-old Tonia Dillenbeck, and injuring Dillenbeck's 12-year-old son. Defendant was indicted and charged with second degree manslaughter, vehicular manslaughter, third degree assault, second degree reckless endangerment and operating a vehicle while under the influence of alcohol. Pursuant to a subpoena, the People obtained results of a blood alcohol test administered to defendant at the hospital on the night of the accident which indicated a blood alcohol level of .27%. However, this test was diagnostic and not done pursuant to an order. Since defendant did not waive her physician-patient privilege, the test result was ruled inadmissible. After a trial, a jury found defendant guilty of criminally negligent homicide, which was charged as a lesser included offense of second degree manslaughter, and acquitted her of all other charges. Defendant was sentenced to an indeterminate term of imprisonment of 1⅓ to 4 years. She now appeals.

Initially, we turn away the People's challenge to County Court's refusal to admit the blood test result. The People have not filed a notice of appeal from the judgment. Indeed, they could not have since this is not one of the situations where the People may appeal *(see,* CPL 450.20).

Turning to defendant's appeal, she contends that the evidence was insufficient to support a verdict of guilty of criminally negligent homicide. We will assume that defendant is challenging both the sufficiency and weight of the evidence *(see, People v Bleakley,* 69 NY2d 490). Penal Law § 15.05 (4) provides: "A person acts with criminal negligence with respect to a result or to a circumstance described by a statute defining an offense when he fails to perceive a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation." Thus, to find defendant guilty, the jury had to find that she failed to perceive a substantial risk and that such failure constituted a gross deviation from the standard of care that a reasonable person would observe in the situation.

Here, the proof demonstrated that defendant was driving approximately 62 miles per hour in a 50-mile-per-hour zone while approaching a bend in the road. The road was a two-lane highway and it was dark at the time of the accident. Evidence also demonstrated that, prior to the collision, defendant's vehicle crossed completely over the center line into the opposite lane of travel. The evidence also indicates that defendant drank approximately nine mixed drinks in the eight to nine hours prior to the accident, though witnesses testified that she did not appear intoxicated prior to the accident. In our view, this evidence, if believed, is sufficient to establish criminal negligence. It can hardly be said that a reasonable person would not perceive that driving 12 miles per hour over the speed limit, at nighttime, and traveling completely over the center line into oncoming traffic creates a substantial risk. Such conduct could certainly be considered a gross deviation from the standard of care a reasonable person would observe *(see, People v Rooney,* 57 NY2d 822, 823). Further, upon our review of the record, we do not feel that the jury's verdict is against the weight of the evidence. Even though the jury apparently found that the People had not proved that defendant was intoxicated, it could still find defendant guilty of criminally negligent homicide *(see, supra).*

We also reject defendant's contention that County Court

erred in denying her motion to preclude the People from offering an accident reconstruction report. The People failed to produce the report until the eve of trial in violation of CPL 240.20 (1) (c). However, County Court adjourned the trial for approximately six weeks to allow the defense ample time to review the report. Thus, since defendant was not prejudiced, the extreme sanction of preclusion was not required *(see, People v Kehn,* 109 AD2d 912, 914). Defendant also contends that the delay violated her speedy trial rights. However, inasmuch as she never moved to dismiss on speedy trial grounds, the issue has not been preserved for review *(see, People v Filpo,* 129 AD2d 649, *lv denied* 70 NY2d 704).

We also reject defendant's contention that expert testimony was improperly allowed regarding certain skid marks. The expert did not see the scene until five days after the accident. However, expert testimony may be based on facts which are fairly inferable as well as facts which are established on the record *(see, Tarlowe v Metropolitan Ski Slopes,* 28 NY2d 410, 414; *Matter of Aetna Cas. & Sur. Co. v Barile,* 86 AD2d 362, 365). There was sufficient evidence, including photographs, regarding the condition of the skid marks, scratches and other markings on the highway. Thus, defendant's claim pertains to the weight to be accorded the evidence, not its admissibility.

Lastly, the sentence imposed was within the legal limits and was not harsh and excessive.

Judgment affirmed. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.