■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW P. ERICKSON, Appellant.—Harvey, J. Appeal from a

judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered August 17, 1987, upon a verdict convicting defendant of the crime of operating a motor vehicle while under the influence of alcohol, as a felony, and of the violation of operating a motor vehicle while ability impaired.

On the morning of April 12, 1987, at approximately 3:50 A.M., State Troopers Joyce Kucich and Thomas Hurbanek stopped defendant for having a broken taillight on his vehicle as he was driving east on State Route 7 approaching the Town of Worcester, Otsego County. Upon stopping the vehicle, the Troopers noticed that the two passengers in the car possessed open containers of alcohol. Defendant allegedly exhibited signs of being intoxicated when he exited the car. Following the administration of a series of field sobriety tests, defendant was arrested for driving while intoxicated. A breathalyzer test later administered at the police station by Hurbanek indicated defendant's blood alcohol content to be .16%. Defendant was subsequently convicted after a jury trial of the crime of operating a motor vehicle while under the influence of alcohol, as a felony, and of the violation of operating a motor vehicle while his ability was impaired. Defendant was given an unconditional discharge on the violation but was sentenced on the felony count to a term of 1 to 3 years' imprisonment. This appeal followed.

Initially, we reject defendant's contention that defense counsel did not have a fair opportunity to question prospective jurors in light of County Court's imposition, over defense counsel's objection, of a 10-minute limitation for each attorney's voir dire. It is well settled that the Trial Judge "has broad discretion to control and restrict the scope of the voir dire examination" *(People v Garrow,* 151 AD2d 877; *see, People v Boulware,* 29 NY2d 135, 140, *cert denied* 405 US 995). From the limited record available on appeal, there is no indication that defense counsel was not afforded a fair opportunity to question the prospective jurors or that the jurors chosen were other than impartial *(see, People v Moore,* 155 AD2d 725, 726; *People v Jean,* 146 AD2d 803, *lv granted* 73 NY2d 978). Notably, defendant makes no claim that County Court's preliminary examination regarding general matters was insufficient or that defense counsel requested and was denied the recordation of the voir dire for purposes of review *(see, People v Moore, supra).* Accordingly, in the absence of information showing prejudice or impropriety, we must assume that the time limitation imposed was reasonable and not an abuse of discretion.

Next, we find that County Court did not err in admitting into evidence certain documents requested by defendant relating to the breathalyzer machine despite the fact that two of the items were not produced until the first day of trial. It is beyond dispute that foundation evidence produced by the People relating to the reliability of these machines is crucial to a defense attack alleging that the proper operating techniques were not followed in a certain instance or that a particular machine was malfunctioning *(see, People v Gower,* 42 NY2d 117, 121; *People v English,* 103 AD2d 979). While it is true that a tardy production by the People of the appropriate information can so prejudice a defendant's case that a new trial is warranted *(see, People v Corley,* 124 AD2d 390), such a situation has not been presented here. The record shows that the majority of the items requested by defense counsel were delivered two days prior to trial and defense counsel stated that he had "plenty of time" to review them. Although the breathalyzer operator's permit and the weekly test record were not shown to defense counsel until shortly before the commencement of trial, defense counsel stated that he had a chance to review these documents before the trial. Therefore, because the appropriate documentation was reviewed by defense counsel and the record indicates that defendant was not prejudiced by the delay in its production, we find that the documents were properly admitted into evidence.

As for the breathalyzer test itself, we conclude that, contrary to defendant's arguments, there was sufficient proof adduced at trial to establish that the test was administered in accordance with the State Police breath test rules. Although defendant makes much of the fact that Hurbanek was unable to completely recite by memory the relevant breath test rules, it is apparent from the record that he was aware of the overall procedures governing the administration of the breathalyzer test. Hurbanek testified that he was a duly certified breathalyzer operator on April 12, 1987 and that he followed the steps contained in the operational checklist on the morning he obtained a reading of defendant's blood alcohol level. Additionally, we note that, despite defendant's contentions otherwise, a certified copy of the test rules in effect on the day in question was admitted into evidence as an exhibit. Taken together, the evidence sufficiently demonstrates that the test was performed in accordance with the applicable rules.

Next, to the extent that County Court acted improperly in allowing testimony at trial concerning the field sobriety test known as "Horizontal Gaze Nystagmus" without a proper

foundation as to its scientific acceptance or reliability, we must conclude that it was harmless error in light of the overwhelming evidence of defendant's guilt adduced at trial *(see, People v Torrey,* 144 AD2d 865; *see also, People v Crimmins,* 36 NY2d 230). This evidence included observations by the arresting officers that defendant's eyes were bloodshot and watery, there was a strong odor of alcohol emanating from his person and he swayed as he stood. Additionally, defendant admitted to one of the officers prior to his arrest that he had been drinking and he also was unable to perform a walk-and-turn field sobriety test.

Finally, we reject defendant's contention that County Court coerced the jury into reaching an adverse verdict on the second count of the indictment by administering an improper *Allen* charge *(see, Allen v United States,* 164 US 492, 501-502). The disputed charge was given when the jury informed County Court after approximately three hours of deliberation that it had reached an agreement as to the first count of the indictment but was unable to reach a unanimous decision as to the second count. After conferring with both counsel, County Court administered a supplemental charge to the jury and the jury returned with a verdict approximately 30 minutes later. Significantly, defense counsel did not object to the charge *(see, People v Burnice,* 112 AD2d 642, 643). In any event, it is our view that County Court's supplemental charge, taken as a whole, was properly balanced and stressed "that 'the verdict must be the verdict of each individual juror, and not a mere acquiescence in the conclusion' of the others" *(People v Ali,* 65 AD2d 513, 514, *affd* 47 NY2d 920, quoting *Allen v United States, supra,* at 501).

Judgment affirmed. Kane, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.