THIRD DEPARTMENT, MARCH, 1990

(March 1, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD A. GARRIS, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered December 18, 1987, upon a verdict convicting defendant of the crime of criminally negligent homicide.

Defendant's conviction stems from an accident which occurred when the vehicle in which he was a passenger veered off the road and struck and killed a pedestrian. The indictment asserted that defendant, while under the influence of an alcoholic beverage, grabbed the steering wheel and jerked it downward, causing the vehicle to swerve sharply to the right. After a jury trial, defendant was convicted of criminally negligent homicide and sentenced to an indeterminate prison term of 1⅓ to 4 years. On appeal, defendant's only claim is that the evidence was legally insufficient to establish the element of criminal negligence. We find defendant's contention unpersuasive and accordingly affirm.

A person is guilty of the crime of criminally negligent homicide when, with criminal negligence, he causes the death of another person (Penal Law § 125.10). Penal Law § 15.05 (4) provides that a person acts with criminal negligence with respect to a result when "he fails to perceive a substantial and unjustifiable risk that such result", death in the present case, will occur. The risk must be of such a nature that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would have observed under the same circumstances (Penal Law § 15.05 [4]). Although what amounts to criminal negligence "depends * * * entirely on the circumstances of the particular conduct" *(People v Haney,* 30 NY2d 328, 335), the Court of Appeals has stated certain guiding principles. "First, criminal liability cannot be predicated upon every careless act merely because its carelessness results in another's death. Second, criminal negligence involves the failure to perceive the risk in a situation where the offender has a legal duty of awareness. Third, liability for criminal negligence should not be imposed unless the inadvertent risk created by the conduct would be apparent to anyone who shares the community's general sense of right and wrong. Finally, the finder of fact must evaluate the actor's failure of perception and determine whether, under all the circumstances, it was serious enough to be condemned" *(People v Ricardo B.,* 73 NY2d 228, 235-236; *see, People v Haney, supra;* Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law art 125, at 492-493).

Contrary to defendant's assertion, the evidence, viewed most favorably to the People, was legally sufficient to establish defendant's guilt *(see, People v Contes,* 60 NY2d 620, 621). Moreover, upon the exercise of our factual review power and recognizing the role of the jury in assessing credibility, we are satisfied that the jury verdict was not against the weight of

the evidence *(see,* CPL 470.15). There was testimony at trial that defendant reached across from the passenger side of the moving vehicle, grabbed the steering wheel and jerked it sharply downward, causing the driver to lose control and the vehicle to swerve sharply to the right and strike a pedestrian on the side of the road. Evidence was introduced that defendant was just "messing around" and had no legitimate reason for touching the steering wheel. That defendant had not observed the pedestrian at the time of his actions is of no moment. Clearly, defendant engaged in conduct which caused a moving vehicle to veer out of control, substantially and unjustifiably endangering both its passengers and others in its path. The evidence at trial unquestionably established defendant's failure to perceive a substantial and unjustifiable risk that death would result from his conduct and was, therefore, sufficient to sustain the conviction for criminally negligent homicide *(see,* Penal Law §§ 125.10, 15.05 [4]).

Judgment affirmed. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.