■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL GILMORE, Appellant.—Judgment unanimously affirmed. Memorandum: The court's instructions, when read as a whole, adequately informed the jury that, in order to convict defendant of criminal possession of a weapon, third degree, it must find that he intended to use the knife unlawfully against Cheri Harwell. To the extent that the court's instructions could be interpreted as allowing the jury to convict defendant if it found that his intent to use the weapon unlawfully was directed against some other person, the instructions would nevertheless be proper. The People's proof conformed to the allegations set forth in the indictment. Defendant, however, testified to a different version of the crime than the one set out in the indictment. Under these circumstances, defendant

cannot complain that there was a discrepancy between the proof at trial and the allegations set forth in the indictment *(see, People v Grega,* 72 NY2d 489, 498; *People v Spann,* 56 NY2d 469; *People v Feldman,* 50 NY2d 500).

While we find that the court erred in its *Sandoval* ruling, the error was harmless in view of the instructions to the jury which focused on defendant's credibility without mentioning his propensity to commit crime.

Defendant's claim that the verdict is repugnant is not preserved for our review *(People v Alfaro,* 66 NY2d 985). We have examined defendant's remaining contentions and find them to be lacking in merit. (Appeal from judgment of Supreme Court, Erie County, Kasler, J.—criminal possession of a weapon, third degree.) Present—Callahan, J. P., Doerr, Denman, Lawton and Davis, JJ.