■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH R. HARRIS, Appellant.—Judgment affirmed. Memorandum: On April 14, 1990, a passenger in defendant's vehicle drowned when defendant drove the vehicle into the Genesee River off Route 63 in the Town of York, Livingston County. Defendant's convictions of criminally negligent homicide and vehicular manslaughter in the second degree are supported by legally sufficient evidence. Defendant's "driving while intoxicated is sufficient evidence of a 'gross deviation' from the required standard of care to permit a jury to find [he] has acted with criminal negligence" *(People v Holt,* 109 AD2d 174, 176, *lv denied* 66 NY2d 615; *see,* Penal Law § 15.05 [4]). The jury reasonably could have inferred from defendant's operation of his vehicle in an unlighted field, off the highway, in unfamiliar surroundings with the vehicle's headlights off, and his driving through foliage surrounding the field without perceiving that the Genesee River lay beyond the foliage that he was guilty of culpable criminal conduct which caused the accident and death of defendant's passenger *(see, People v Osburn,* 155 AD2d 926, 928, *lv denied* 75 NY2d 816; *see also, People v Boutin,* 75 NY2d 692, 696; *People v Bonner,* 136 AD2d 714, *lv denied* 70 NY2d 1004; *cf., People v Holt, supra).*

Defendant argues that he cannot be convicted of driving while intoxicated and vehicular manslaughter in the second degree because the accident did not occur "upon public high-

ways, private roads open to motor vehicle traffic [or] any other parking lot" (Vehicle and Traffic Law § 1192 [5]). We disagree. The evidence shows that, shortly before the accident occurred, defendant, while under the influence of alcohol, drove his vehicle from a public highway onto private property adjacent to that highway. Defendant then drove about that property. Defendant then drove his vehicle onto the highway a second time. From the highway, defendant again drove onto and about the private property before his vehicle entered the river. Thus, because defendant operated his vehicle for a continuous period before the accident, both on and off the highway, there was sufficient evidence from which the jury reasonably could find that defendant operated his vehicle in violation of Vehicle and Traffic Law § 1192 (2) and Penal Law § 125.12.

The suppression court did not err in refusing to suppress either defendant's statements made at the hospital or the results of two blood tests. The record supports the hearing court's findings that defendant was arrested in the hospital emergency room. He was given his *Miranda* and DWI warnings. Defendant freely consented to submit to a blood test and agreed to speak to the arresting officer. Additionally, the evidence supports the court's findings that the People reasonably believed that defendant was unwilling or unable to consent to the first blood test and that the People had been unable to obtain verification from the arresting officer whether defendant had consented to that first blood test at the hospital *(see,* Vehicle and Traffic Law § 1194 [3]). Thus, in those circumstances, the People properly applied for a court-ordered blood test pursuant to Vehicle and Traffic Law § 1194 (3). Moreover, there is no merit to defendant's contention that the blood test results should have been suppressed because the People initially misrepresented that the blood samples had been destroyed, thus preventing independent testing of those samples by defendant's expert. Thereafter, when the samples were located, the People immediately furnished them to defense counsel. We reject defendant's argument that the samples constituted *Brady* material *(see, Brady v Maryland,* 373 US 83). In any event, defendant was not prejudiced by the delay in receiving them since he was "given a meaningful opportunity to use the allegedly exculpatory material to cross-examine the People's witnesses or as evidence during his case" *(People v Cortijo,* 70 NY2d 868, 870, citing *People v Brown,* 67 NY2d 555, 559, *cert denied* 479 US 1093).

Defendant failed to preserve for our review his contention

that the verdict was repugnant *(see, People v Alfaro,* 66 NY2d 985, 987; *People v Conte,* 159 AD2d 993, 994, *lv denied* 76 NY2d 733; *People v Gilmore,* 159 AD2d 947, 948, *lv denied* 76 NY2d 788). In any event, the verdict was not repugnant *(cf., People v Loughlin,* 76 NY2d 804). The sentence imposed was not harsh or excessive. We have reviewed defendant's remaining contentions and find them to be lacking in merit.

All concur, except Callahan, J. P., and Pine, J., who dissent in part and vote to modify, in the following Memorandum.

Callahan, J. P., and Pine, J. (dissenting). We respectfully dissent in part. We agree with the majority's conclusion that defendant's convictions of criminally negligent homicide and trespass should be affirmed. We also agree with the majority's conclusion that his conviction of driving while intoxicated (Vehicle and Traffic Law § 1192 [2]) should be affirmed. We cannot concur with the majority's conclusion with respect to vehicular manslaughter in the second degree (Penal Law § 125.12). The driving while intoxicated statute applies to driving upon public highways (Vehicle and Traffic Law § 1192 [5]). From evidence of defendant's intoxication at the time of the accident in the field, it follows that he was also intoxicated while driving on the public highway, inasmuch as there was no proof that defendant had consumed more alcohol while in the field.

To be guilty of vehicular manslaughter, however, defendant must have caused the death of the victim "by operation of a vehicle in violation of [Vehicle and Traffic Law § 1192 (2), (3) or (4)]" (Penal Law § 125.12 [2]). Those subdivisions must be read together with Vehicle and Traffic Law § 1192 (5), which limits application of section 1192, insofar as relevant here, to public highways. Defendant did not cause the victim's death while driving on the public highway; he had been driving for some time in a privately owned field before the fatal accident. Thus, because defendant's conduct does not fall within the "plain, natural meaning of the language" of the vehicular manslaughter statute *(People v Ditta,* 52 NY2d 657, 660), his conviction under that statute should not be upheld. (Appeal from Judgment of Supreme Court, Livingston County, Bergin, J.—Vehicular Manslaughter.) Present—Callahan, J. P., Green, Pine, Lawton and Davis, JJ.