■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUDSON HEIDORF, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered January 11, 1991, upon a verdict convicting defendant of the crimes of criminally negligent homicide, driving while ability impaired and reckless driving, and of the traffic offense of failure to yield the right-of-way.

Following a fatal, two-car accident, defendant was indicted by a Grand Jury for the crimes of criminally negligent homicide, driving while ability impaired and reckless driving. Defendant was also charged with the traffic offense of failure to yield the right-of-way. At trial, the evidence presented by the People showed that, prior to the accident, defendant began drinking beer at around 10:00 P.M. on July 1, 1989 at a camp owned by a friend's parents and continued drinking until 2:30 A.M. Defendant then went to sleep at approximately 3:30 A.M., got up at 5:00 A.M. and left driving his automobile. Defendant proceeded down Buttermilk Falls Road to its intersection with State Route 149 in the Town of Fort Ann, Washington County. Buttermilk Falls Road has a stop sign at the intersection while Route 149 does not. Defendant drove through the intersection and struck a vehicle driven by Shawn Mahar (hereinafter decedent) which had been traveling on Route 149 through the intersection. Decedent died from the injuries he suffered in the crash. At the accident scene, a State Trooper determined that defendant was impaired by consumption of alcohol and administered an alcohol sensor test. The test was positive and defendant was arrested. A breathalyzer test administered approximately two hours after the accident indicated that defendant's blood alcohol content was .06%.* Defense evidence at trial attempted to show that defendant had not consumed very much beer that night and that the accident was an unfortunate occurrence brought about, in part, by the actions of decedent.

Following the submission of all evidence, defendant was convicted of all counts of the indictment. Defendant's motion to set aside the verdict was denied. Defendant was sentenced to concurrent prison terms of 1⅓ to 4 years for the crime of criminally negligent homicide, 15 days and a $350 fine for the conviction of driving while ability impaired, 30 days and a

---

* As discussed at trial, this reading meant that defendant's blood alcohol content at the time of the accident could have been as high as .094%.

$100 fine for the reckless driving conviction and 15 days and $100 fine for the traffic offense of failing to yield the right-of-way. This appeal followed.

Initially, we reject defendant's contention that the People failed to produce legally sufficient evidence to prove the crime of criminally negligent homicide beyond a reasonable doubt. In our view, the evidence was adequate to enable the jury "to determine that [defendant] failed to 'perceive a substantial risk and that such failure constituted a gross deviation from the standard of care that a reasonable person would observe in the situation' " (*People v Moore*, 155 AD2d 725, 726, *lv denied* 75 NY2d 773, quoting *People v Hess*, 140 AD2d 895, 896, *lv denied* 72 NY2d 957). Viewed in the light most favorable to the People, the evidence established that defendant had consumed a substantial quantity of beer on the night before the accident and slept only two hours. There was evidence to establish that defendant failed to yield the right-of-way to another vehicle resulting in his broadside collision with decedent's vehicle. Under the circumstances, the jury was justified in concluding that this evidence showed defendant as having engaged in some "criminally culpable risk-creating conduct" that "created or contributed to a 'substantial and unjustifiable' risk of death" (*People v Boutin*, 75 NY2d 692, 697-698), and that defendant's failure to perceive this risk was serious enough to require criminal sanction (*see, People v Ricardo B.*, 73 NY2d 228, 235-236; *People v Garris*, 159 AD2d 744, 745).

Defendant's remaining arguments have been examined and found to be lacking in merit. We disagree with defendant that County Court erred in refusing defendant's request that a circumstantial evidence charge be read to the jury. Proof in the form of test results, police testimony concerning defendant's demeanor and defendant's own statements admitting the principal or "res gestae" facts surrounding the incident (*see, People v Duffy*, 124 AD2d 258, 260) were sufficient to constitute direct evidence of all counts in the indictment, thereby rendering a circumstantial evidence charge unnecessary (*see, People v Barnes*, 50 NY2d 375, 380). We are similarly unpersuaded by defendant's challenges to County Court's actual jury charge. As for defendant's final contention that the sentences imposed upon him were harsh and excessive, our review of the matter, including the presentence report, fail to reveal any basis to disturb the sentences imposed by County Court.

Yesawich Jr., J. P., Levine, Crew III and Mahoney, JJ., concur. Ordered that the judgment is affirmed, and matter

remitted to the County Court of Washington County for further proceedings pursuant to CPL 460.50 (5).