■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARY J. SCHAFFER, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County, rendered January 15, 1980, convicting her of manslaughter in the second degree and driving while impaired, upon a jury verdict, and imposing sentence. Judgment affirmed. While returning late at night from a political convention at Mac Arthur Airport, defendant drove northbound on Veterans Memorial Highway, a four-lane divided highway with two northbound and two southbound lanes separated by a grassy median strip. During the course of the journey, defendant made a left turn into an intersecting street, immediately realized she had made a wrong turn and returned to Veterans Memorial Highway and again proceeded north. Unfortunately, when defendant made her return to Veterans Memorial Highway, she turned north in the southbound lanes. After passing several cars to her immediate left heading in the opposite direction, defendant stopped at a traffic light where two cars faced her across the intersection. She then proceeded through the intersection and shortly afterwards collided head-on with another car which was proceeding southbound in the left southbound lane. The driver of that car was killed almost immediately. A test administered to defendant 90 minutes after the collision indicated a blood alcohol level of .21 of 1%. She was indicted for manslaughter in the second degree

and driving while intoxicated. The jury convicted defendant on the manslaughter count, acquitted her on the driving while intoxicated charge (Vehicle and Traffic Law, § 1192, subds 2, 3) but found her guilty of the lesser included crime of driving while impaired (Vehicle and Traffic Law, § 1192, subd 1). We affirm. Among defendant's principal contentions on this appeal is that her acquittal on the driving while intoxicated charge is fatally repugnant to the manslaughter conviction. The indictment alleged, *inter alia,* that defendant recklessly caused the death of Joseph Sam, IV, "by operating a motor vehicle in the wrong direction, namely, generally northbound in the generally southbound lanes of Veterans [Memorial] Highway while in an intoxicated condition." According to the defendant, the inclusion of the phrase "in an intoxicated condition" rendered intoxication an essential element of the crime of manslaughter in the second degree. Since defendant was acquitted of driving while intoxicated, she contends that intoxication was not proven by the People and in light of that determination, the manslaughter conviction cannot stand. We disagree. In recently setting forth the applicable principles of law when verdicts are attacked as repugnant, we noted that, "absent a rational theory for their existence, apparently inconsistent verdicts will be held repugnant when the crimes upon which the verdicts are returned are either identical as to each of their elements or so related that an acquittal of one negatives an essential element of the crimes upon which there was conviction." *(People v Dercole,* 72 AD2d 318, 333, app dsmd 52 NY2d 956.) Patently, the crimes of manslaughter in the second degree (Penal Law, § 125.15) and driving while intoxicated (Vehicle and Traffic Law, § 1192, subds 2, 3) are neither identical nor do they have any essential elements in common. The three essential elements of the crime of manslaughter in the second degree are "the creation of a substantial and unjustifiable risk; an awareness and disregard of the risk on the part of defendant; and a resulting death" *(People v Licitra,* 47 NY2d 554, 558). None of these elements are duplicated in subdivisions 2 and 3 of section 1192 of the Vehicle and Traffic Law. Furthermore, the penal statute notes that if defendant is unaware of the risk created "solely by reason of voluntary intoxication" culpability is not diminished (see Penal Law, § 15.05, subd 3). Here the claim seems to be that culpability could not be established without proof of intoxication. Furthermore, despite the current argument, defense counsel failed to object to the court's charge which merely recited the statutory elements of the crime without adding intoxication as an element. Although the interest of justice would not warrant our reaching the issue of the alleged omission in the charge in the absence of a preserving objection, it is apparent, as well, that there was no error in the charge. As to defendant's argument that there is insufficient evidence to sustain the manslaughter conviction, we assume that "the jury credited the People's witnesses and thus must view the facts most favorably to the prosecution" *(People v Montanez,* 41 NY2d 53, 57; *People v Benzinger,* 36 NY2d 29, 32). Here, by driving northbound in a southbound lane, defendant created a highly dangerous situation, the substantial and unjustifiable nature of which is obvious. Although defendant testified that a detour sign directed her to proceed northbound in the southbound lane, there was countervailing testimony that no such sign existed on the day of the accident and, in any event, the jury was free to reject defendant's version of the facts (see *People v Kennedy,* 47 NY2d 196, 201; *People v Henderson,* 41 NY2d 233, 236). Finally, defendant testified that she passed several cars going in the opposite direction, that the center median was on the right, and that when she stopped at the last intersection before the crash, two cars faced her, one

directly in front of her. Considering that she was then traveling in the same direction as she had been prior to making her mistaken turn, yet was on the opposite side of the highway, the jury could quite rationally have believed that the defendant was either aware of the risk she had created or unaware of it solely by reason of impairment of her judgment due to the consumption of alcohol. In either event, such conduct can be deemed reckless under subdivision 3 of section 15.05 of the Penal Law. Thus the evidence was sufficient to sustain the conviction. We have examined defendant's other contentions and find them to be without merit. Lazer, J. P., Gibbons, Gulotta and Cohalan, JJ., concur.