■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE EDWARD VAN DUSEN, Appellant. — Appeal from a judgment of the County Court of Broome County (Smyk, J.), rendered June 12, 1980 upon a verdict convicting defendant of the crimes of manslaughter in the second degree and driving while intoxicated as a felony. As a result of an incident which occurred on August 18, 1979 wherein a 14-year-old boy riding his bicycle on Route 7 south of the City of Binghamton was struck and killed by an automobile operated by defendant, defendant was indicted for the crimes of manslaughter in the second degree, a class C felony (Penal Law, § 125.15, subd 1) and driving while intoxicated, a class E felony (Vehicle and Traffic Law, § 1192, subds 3, 5). Following a jury trial, he was convicted of both counts and sentenced to an indeterminate term of imprisonment not to exceed 10 years on the manslaughter charge and to a conditional discharge for a period of three years on the driving while intoxicated charge. The present appeal ensued, and we hold that the challenged judgment should be affirmed. In so ruling, we initially find without merit defendant's contention that the guilty verdicts were against the weight of the evidence. Regarding the intoxication charge, it is uncontested that the road was wet and it was raining heavily at the time of the accident, and defendant concedes that he was drinking beer just before the fatal mishap. There was further evidence presented that defendant was traveling at an excessive rate of speed, particularly in view of the driving conditions, and that he was tailgating and passing cars in a dangerous manner with two cars having to veer off the highway to avoid a collision with defendant's vehicle approaching from the opposite direction. Defendant's friend, who was traveling with him in the car, testified that defendant was "fooling around" turning the ignition on and off to make the car backfire as it proceeded down the highway, and after the accident defendant refused to take a blood alcohol test and failed various physical co-ordination tests. Additionally, State Police Officer Barbara McHugh, an investigator at the accident scene, testified that

defendant smelled strongly of alcohol and appeared to have been drinking. Based upon her observations and experience in similar matters as a police officer, she opined that defendant was intoxicated when the accident occurred. Given all this and other evidence to the same effect, and viewing the facts in a light most favorable to the People (*People v Schaffer*, 80 AD2d 865), we cannot say that the jury erred in finding defendant guilty of driving while intoxicated, and defendant's rushing to a nearby bar for one more drink immediately after the accident and before the police arrived at the scene surely cannot now serve to invalidate this conviction. Similarly, the People presented ample evidence to establish defendant's guilt of manslaughter in the second degree. The young boy's death plainly resulted from the creation of a substantial and unjustifiable risk by defendant as detailed above, and the proof further justified the jury's conclusion that defendant was either aware of the risk or unaware of it merely because of the alcohol he had consumed (see *People v Licitra*, 47 NY2d 554; *People v Schaffer*, 80 AD2d 865, *supra*). Defendant's contention that the court erred when it allowed certain matters into evidence is also lacking in substance. Two police officers testified that defendant indicated to them that he was a member of the Ku Klux Klan and that that organization would bail him out, and defendant admittedly took a police car and sped off when he was placed therein during the police investigation of the accident. Evidence of both these matters had some probative value in establishing defendant's alleged state of intoxication and, in any event, its admission clearly does not warrant disturbance of defendant's convictions. Lastly, the trial court's failure to take judicial notice of certain sections of the Vehicle and Traffic Law relating to bicycle riding (Vehicle and Traffic Law, §§ 1231, 1234) likewise does not justify a reversal here. The question of whether the boy who was killed in the accident was at the time observing the subject statutes, while possibly germane to a resultant civil action, has no relevance to this criminal prosecution of defendant (see *People v Cruciani*, 36 NY2d 304, 306). Judgment affirmed. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.