■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH NUGENT, Appellant. — Judgment unanimously affirmed. Memorandum: Under a multicount indictment, defendant was charged with several crimes, including manslaughter in the second degree (Penal Law, § 125.15, subd 1) and operating a motor vehicle while he had .10% or more of alcohol in his blood (Vehicle and Traffic Law, § 1192, subd 2). The charges arose out of an accident that occurred at approximately 6:50 A.M. on February 23, 1981 in the City of Syracuse, when defendant, who was allegedly intoxicated, drove an automobile at a high rate of speed over the city streets, went through a red light and crashed into another car, causing the death of the driver of that vehicle. A blood sample taken from the defendant later that morning at the police officer's request indicated defendant had a blood alcohol content of .139%.

During the trial, the court admitted the blood test into evidence. Following the close of proof, however, the court dismissed the charge of operating a motor vehicle with .10% of alcohol in the blood, finding a failure of proof with respect to whether the blood sample had been taken within two hours after defendant's arrest. The jury found defendant guilty of manslaughter in the second degree. It is now established that "blood samples taken without a defendant's consent are inadmissible in prosecutions under the Penal Law unless taken pursuant to an authorizing court order" (*People v Moselle,* 57 NY2d 97, 101). There is no evidence in the record that defendant consented to the procedure, nor was it authorized by court order. Thus, the results of the blood test were inadmissible on the manslaughter count. Despite the error, we find no basis for reversal. The crime of manslaughter in the second degree only requires a finding that defendant's conduct was reckless (Penal Law, § 15.05, subd 3; § 125.15, subd 1). The proof of defendant's guilt is overwhelming. In our view, there is no significant probability that the jury would have acquitted the defendant had it not been for the error which occurred. Therefore, the error was harmless (*People v Johnson,* 57 NY2d 969). (Appeal from judgment of Onondaga County Court, Cunningham, J. — manslaughter, second degree.) Present — Dillon, P. J., Callahan, Denman, Boomer and Schnepp, JJ.