■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS STISI, Appellant. — Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered May 3, 1982, convicting defendant upon his plea of guilty

of the crime of criminally negligent homicide. Defendant was the driver of an automobile involved in a head-on collision with a vehicle operated by Florence Bonesteel, who died as a result of injuries sustained in the accident. Defendant's eastbound car had crossed over into the westbound lane of Route 28 in Ulster County. Defendant was subsequently indicted on one count of criminally negligent homicide and two counts of driving while intoxicated. Prior to trial defendant moved to suppress both the results of a chemical blood test which was administered to defendant pursuant to section 1194 of the Vehicle and Traffic Law and the introduction of beer bottles found in his vehicle. The County Court denied his motion to suppress finding that defendant was in police custody at the scene of the accident, which was determined to be sufficient to meet the arrest requirement of section 1194 of the Vehicle and Traffic Law, and that defendant thereafter gave a valid consent to the extraction of a blood sample. Subsequently, defendant pleaded guilty to criminally negligent homicide in satisfaction of the three-count indictment. This appeal followed. There should be an affirmance. The County Court properly denied defendant's motion to suppress. The evidence revealed that defendant was placed under arrest prior to the extraction of his blood for chemical testing, as required by section 1194 (subd 1, par [1]) of the Vehicle and Traffic Law. Trooper Daley, who investigated at the scene and who was present in the hospital prior to and at the time the blood sample was taken from defendant, testified at the suppression hearing that he heard Trooper Fischer advise defendant, "You are under arrest for driving while intoxicated" prior to defendant's giving his consent to submit to the chemical blood test. This testimony was undisputed and despite the County Court's failure to rely on it, we find that defendant was formally placed under arrest in the emergency room at the hospital prior to the extraction of the blood sample. In view of this finding, it is unnecessary for this court to determine whether defendant was placed under arrest at the scene and we do not reach that issue. Trooper Daley also testified that the blood sample was taken within a few minutes after defendant had been advised of the appropriate warnings pursuant to section 1194 of the statute. The trooper further stated that, in his opinion, defendant "was aware of what was being told him prior to the extraction of his blood". Thus, it is apparent that the mandate of section 1194 (subd 1, par [1]) relating to chemical testing was met (*People v Porter*, 46 AD2d 307, 310). Defendant interprets subdivision 2 of section 1194 of the Vehicle and Traffic Law to mandate that once a defendant refuses to submit to a chemical test after being fully apprised of the consequences of such refusal, all further requests and prompting by the police for defendant to reconsider and submit must immediately cease and the chemical test not be given. Defendant further argues that the officers in this case, in requesting and importuning defendant to take the test after his initial refusal, exerted such pressure on him "as to disable him from making a free and rational choice" and caused his will to be overborne. Defendant's suggested literal interpretation of the subject statutory provision is misplaced and without merit. His further argument that his will was overborne is not supported by the record. Section 1194 of the Vehicle and Traffic Law does not, either expressly or by implication, foreclose the police from resuming discussion with a defendant and renewing their request that he submit to a chemical test. The statute was not violated by the police and a valid consent was properly obtained from defendant (*People v Porter, supra;* see, also, *People v Gary,* 31 NY2d 68). Defendant's voluntary consent to submit to the chemical blood test renders academic his argument that the extraction of the blood sample violated his right to privacy. Judgment affirmed. Sweeney, J. P., Main, Casey, Mikoll and Levine, JJ., concur.