■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE F. DONNELLY, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered November 30, 1982, upon a verdict convicting defendant of the crime of manslaughter in the second degree. ¶ After a softball game on the evening of July 9, 1982, defendant and five participants drank beer at a nearby bar for about three hours. He thereafter started for home driving a State-owned automobile. When he reached the point in the Town of Bethlehem, Albany County, where route 85 changed from a two-lane to a four-lane divided highway, defendant drove easterly into the westbound lane some 294 feet before colliding with an automobile driven by Michele E. Martin, causing serious injuries from which she died. Defendant was indicted for the crime of manslaughter in the second degree, convicted by a jury as charged and sentenced to an indeterminate term of imprisonment of 5 to 15 years. ¶ On this appeal, we initially note that the results of a blood alcohol test were properly suppressed because the blood sample upon which the

test was performed had been obtained by the police without either consent or a court order (*People v Moselle*, 57 NY2d 97; *People v Nugent*, 92 AD2d 735). Since defendant took the stand and testified concerning his consumption of alcohol prior to the accident, however, such evidence was admissible on rebuttal for the limited purpose of impeaching defendant's testimony about the quantity of alcohol he consumed, provided clear limiting instructions were given against the use of such evidence as evidence-in-chief (*United States v Havens*, 446 US 620; *People v Johnson*, 27 NY2d 119, cert den 401 US 966). Defendant concedes that proper limiting instructions were given. More troublesome is the trial court's further instruction to the jury concerning subdivision 2 of section 1192 of the Vehicle and Traffic Law, which the court read verbatim and then noted that ".16 of 1 percentum is greater or more than .10 of 1 percentum". Since no violation of that statute was charged (see *People v Brown*, 53 NY2d 979; *People v Coleman*, 7 AD2d 155, 157), and, further, because the jury may have been misled as to the trial court's opinion on defendant's behavior and mistakenly considered the test as evidence-in-chief (*People v Bell*, 38 NY2d 116, 120-121), we find that this instruction was error. However, we hold such error to have been harmless when the charge is viewed in totality (see *People v Mitchell*, 72 AD2d 920) and because of the overwhelming evidence of guilt (*People v Crimmins*, 36 NY2d 230). Moreover, proof of intoxication was unnecessary for conviction of manslaughter in the second degree (*People v Schaffer*, 80 AD2d 865). ¶ Nor do we find error in the exclusion of defense testimony as to alleged defects in the automobile driven by defendant. The condition of the car more than six months before the accident was clearly too remote to be relevant. Nor was there any attempt to reoffer the testimony of witness Sharon Ingoldsby as to the condition of the vehicle in May of 1982, after defendant testified to establish the relevance of such testimony. Similarly, refusal to permit testimony of a defense witness, who would testify that he went the wrong way on route 85 six months earlier during the preceding winter, was not error in the absence of proof that the road conditions were the same at both times (see *Hyde v County of Rensselaer*, 51 NY2d 927; *Vega v Jacobs*, 84 AD2d 813). Moreover, such evidence would only have been cumulative of photographs and the jury's viewing of the road conditions (see *People v Rivera*, 101 AD2d 981). We find no abuse of the trial court's wide discretion excluding this evidence (see *People v Balschweit*, 91 AD2d 1127; *People v Ahearn*, 88 AD2d 691). ¶ Defendant's argument that the prosecution failed to prove every element of the crime charged is not persuasive. There was sufficient testimony, including that of defendant, from which the jury could conclude that he had consumed a sufficient quantity of beer to become intoxicated. Evidence of the distance traveled in the victim's lane, plus defendant's admission that he ignored the "DO NOT ENTER" sign, was sufficient to support a finding that the accident was not caused by mere inadvertence. Finally, excessive speed of more than 88 miles per hour could be found from the testimony of the prosecution's accident reconstruction expert. In all, the evidence was sufficient to establish a conscious disregard of a substantial, unjustifiable risk, resulting in the death of the victim (*People v Licitra*, 47 NY2d 554, 558; *People v Schaffer*, 80 AD2d 865, 867, *supra*), and to warrant the jury's finding defendant guilty beyond a reasonable doubt (see *United States v Barnes*, 604 F2d 121, 156-157, cert den 446 US 907; *People v Kennedy*, 47 NY2d 196). ¶ Finally, the maximum sentence to which defendant was sentenced cannot be said to be harsh and excessive. Defendant is a repeated violator of this State's motor vehicle laws. His record includes several convictions for violations of the Vehicle and Traffic Law, together with other criminal charges. Our review of the record confirms that the sentencing court was fully cognizant of defendant's personal history, the circumstances surrounding this tragic accident and the impact on the victim's family. The

presentence report rejected treating defendant with leniency and recommended incarceration. This court will not interfere with the discretion of the sentencing court unless a clear abuse of discretion has been shown (*People v Downs,* 77 AD2d 740, mot for lv to app den 51 NY2d 773; *People v Dittmar,* 41 AD2d 788). No such showing has been made. ¶ Judgment affirmed. Kane, J. P., Main, Weiss, Mikoll and Levine, JJ., concur.