THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY FELDMANN, Appellant.

Defendant contends that the admission into evidence of his hospital records, which included a blood alcohol test indicating that he was intoxicated at the time his car crossed the median on Route 110 and crashed into the victim's car, was erroneous and in violation of his physician-patient privilege. Contrary to defendant's claim, the trial court properly admitted the hospital records into evidence on the basis that defendant waived his physician-patient privilege through his attorney's cross-examination of Police Officers Smith and Graziose. On his cross-examination of Smith and Graziose, defense counsel questioned the officers about the defendant's subsequent treatment (i.e., the fact that a laceration of defendant's chin required over 200 stitches), in an apparent attempt to elicit evidence that defendant's condition at the scene was due to his injuries and not due to intoxication. Thus, defendant by affirmatively placing his physical condition at issue, waived his physician-patient privilege (*see, People v Al-Kanani,* 33 NY2d 260; *Koump v Smith,* 25 NY2d 287; *People v Conkin,* 72 AD2d 607). In any event, even if the hospital records and blood alcohol test had been improperly admitted into evidence, the error would have been harmless in view of the overwhelming evidence of defendant's guilt (*see, People v Nugent,* 92 AD2d 735). Defendant's other claims are either unpreserved for review or without merit. Titone, J. P., Lazer, Thompson and Rubin, JJ., concur.