■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS J. VERDILE, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered September 4, 1984, upon a verdict convicting defendant of the crimes of manslaughter in the second degree, assault in the second degree and operating a motor vehicle while under the influence of alcohol.

On May 21, 1983 at approximately 12:00 A.M., an automobile driven by defendant collided head-on with an automobile driven by Herbert P. Backus at the intersection of Routes 7 and 278 in the Town of Brunswick, Rensselaer County. Both drivers were seriously injured and Backus' wife was killed. Defendant was indicted, tried and convicted of the crimes of

manslaughter in the second degree, assault in the second degree and operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law § 1192 [2]). This appeal ensued.

Defendant initially contends that County Court erred in refusing to suppress the results of a blood alcohol test taken at the hospital emergency room shortly after the accident occurred, which indicated a blood alcohol content of .26%. We disagree. To be admissible, the People were required to demonstrate that defendant consented to the taking of the blood sample utilized for the test (People v Moselle, 57 NY2d 97, 101). Defendant maintains that the injuries he sustained in the accident rendered him incapable of manifesting the necessary consent. The record does indicate that defendant suffered head trauma in the accident and was at times confused and nonresponsive. However, several prosecution witnesses testified that defendant was conscious at the accident scene and able to respond coherently. Sergeant John Griffin, who placed defendant under arrest at the emergency room, testified that he asked defendant whether he would consent to a blood test. When defendant simply nodded his head affirmatively, Griffin told him that a verbal response was necessary and defendant said "yes". The nurse who actually took the blood sample confirmed this interchange. She further testified that while defendant was unable to recall being in an accident, he was able to identify himself and his father and indicate whether he had any allergies. Based on the foregoing, we find ample support for County Court's factual assessment that a knowing and voluntary consent was given (see, People v Cole, 112 AD2d 623). We note that the court's charge, that the People were required to prove beyond a reasonable doubt that defendant had a blood alcohol level of .26% and consented to the blood test, was acceptable.

Viewing the evidence in a light most favorable to the People (see, People v Schaffer, 80 AD2d 865, 866), we further find sufficient evidence of reckless conduct to support the manslaughter and assault convictions. At the time of the accident, defendant was proceeding west and Backus east on Route 7. Backus testified that as he proceeded around a curve toward the intersection, he immediately noticed bright lights coming towards him in the eastbound lane and that the collision occurred seconds later. The People's expert estimated defendant's speed at 85 to 90 miles per hour and placed defendant's car three feet into the eastbound, oncoming lane at the point of impact. Defendant's own expert calculated the speed of

defendant's vehicle at 65 to 75 miles per hour, and indicated that defendant had crossed over into the eastbound lane. The witness explained, however, that while the collision occurred in the middle of both lanes, the actual point of impact was in the westbound lane, implying that the Backus vehicle had encroached upon defendant's lane. Extensive damage to the passenger side of the Backus vehicle supports this analysis. Another prosecution witness, Craig Belanger, testified that he was driving west on Route 7 prior to the time of the accident when defendant virtually ran him off the road while passing at an excessive speed. Belanger described defendant's vehicle as "all over the road" and testified that other cars were pulling off the road to avoid a collision only minutes before the accident occurred. Finally, while intoxication is not a prerequisite for a manslaughter conviction *(People v Donnelly,* 103 AD2d 941, 942), the record contains overwhelming proof that defendant was intoxicated at the time of the accident. In addition to the high blood test results and the erratic driving described by Belanger, there was testimony that defendant had been drinking beer throughout the day at a motorcycle "swap meet". Significantly, some nine witnesses at the accident scene, including medical personnel and police, detected the strong odor of alcohol on defendant's person. Cumulatively, this evidence adequately supports the verdict *(see, supra,* p 942; *People v Van Dusen,* 89 AD2d 649, 650; *People v Schaffer, supra,* pp 866-867).

Although defendant attempted to establish that the defective design of the highway was the cause of the accident and that, as indicated, Backus actually veered into defendant's lane, the jury was clearly free to reject this explanation *(see, People v Donnelly, supra,* p 942). Parenthetically, we reject defendant's theory that since he consumed alcohol before realizing he would be driving an automobile, his conduct cannot be characterized as reckless. By statute, voluntary intoxication does not excuse an individual's reckless conduct (Penal Law § 15.05 [3]). If anything, defendant's assertion that he drank beer at the "swap meet" because he intended to stay overnight and not drive indicates an awareness on his part that drinking and driving create an unjustifiable risk. Despite his initial intentions, the fact remains that he did drive in an intoxicated condition.

Defendant further maintains that since the People failed to prove the specific allegations of the indictment as amplified by the bill of particulars, i.e., that defendant's vehicle was "entirely" within the eastbound lane at impact and was proceed-

ing at 85 to 90 miles per hour, the convictions cannot stand. This contention is meritless. The People were not required to prove every specification of the indictment so long as the evidence presented was sufficient to sustain the convictions *(People v Rooney,* 57 NY2d 822, 823). As such, it is of little moment that the proof placed defendant's vehicle only three feet into the oncoming lane and defendant's expert calculated a lesser speed of 65 to 75 miles per hour prior to impact, since these factors still adequately supported the conviction *(see, People v Schaffer,* 80 AD2d 865, 867, *supra).*

Next, defendant asserts that County Court deprived him of a fair trial by impeding his defense which attributed improper design of the intersection as the cause of the accident. Specifically, defendant argues that the court erred in excluding evidence of prior accidents at this location and in preventing his expert from opining what would have happened had the highway been properly designed. While we recognize that defendant was entitled to present this defense, we cannot say that the court abused its wide discretion in excluding the evidence in question since defendant was otherwise able to present the issue of unsafe design to the jury *(see, People v Donnelly,* 103 AD2d 941, 942, *supra; cf. Hyde v County of Rensselaer,* 51 NY2d 927, 929). Defendant's expert testified that the intersection contained "conflict areas" impairing the perception of oncoming drivers; was a "high-hazard location"; lacked proper curve warnings and a proper center line separation; and afforded approaching drivers a short sight distance. Despite several interruptions, the expert was able to theorize that such defects caused Backus to believe that defendant's vehicle was about to turn across his lane onto Route 278, and that in response, Backus steered left into the westbound, oncoming lane causing the collision. Since the defense was actually presented, the error, if any, in excluding the evidence described was harmless *(see, supra).*

Finally, while certain of the prosecutor's comments during summation were inappropriate, curative instructions were timely rendered and defendant was not deprived of a fair trial *(see, People v Patterson,* 88 AD2d 694, 695, *affd* 59 NY2d 794).

Judgment affirmed. Kane, J. P., Casey, Weiss, Mikoll and Levine, JJ., concur.