◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREN OSBURN, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant appeals from a judgment of conviction for vehicular manslaughter in the second degree (Penal Law § 125.12), criminally negligent homicide (Penal Law § 125.10) and two counts of driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]). The verdicts stem from a two-vehicle collision occurring on April 26, 1988 in the Town of Richmond, Ontario County. The indictment charged that defendant, while intoxicated, drove her van in an easterly direction on State Route 20A, crossed the center line of the highway into the opposite lane of travel, and struck an oncoming vehicle, causing the death of its driver. At trial, blood tests performed at the request of the police and for the hospital's diagnostic purposes indicated a blood alcohol content of .31% and .34%, respectively. On appeal, defendant contends that the court erred in refusing to suppress the result of the blood test performed at the request of the police, in admitting the result of the hospital's diagnostic test, in instructing the jury with respect to the various homicide counts, and in denying a defense request for a brief continuance. Additionally, defendant claims that she was denied a fair trial by prosecutorial misconduct, that evidence in support of the jury verdict was legally insufficient and contrary to the weight of evidence, and that her sentence was harsh and excessive.

The suppression court did not err in refusing to suppress the result of the blood test undertaken at the request of the State Police. Defendant was arrested by a State Trooper in the hospital emergency room. Upon being given her *Miranda*

warnings, defendant indicated that she did not wish to speak. The Trooper then read the DWI warnings. Defendant initially refused to submit to a blood test and a short time later indicated that she wanted to talk with her husband. The Trooper then indicated that she could not wait for defendant to consult with her husband, and defendant agreed to submit to the test. Although defendant's prior refusal negated any reliance upon statutory implied consent *(see,* Vehicle and Traffic Law § 1194 [1]; *People v Porter,* 46 AD2d 307, 310), evidence proffered at the suppression hearing supported the court's finding that defendant's consent was voluntary. She had suffered a head wound but was conscious, responded to questions in a coherent manner and gave every appearance of being capable of exercising her rights *(see, People v Verdile,* 119 AD2d 891; *People v Cole,* 112 AD2d 623). There was no evidence of coercion, illegal conduct, deception as to identity or purpose *(see,* 3 LaFave, Search and Seizure § 8.2 [2d ed]), and the record fails to support defendant's contention that the Trooper's conduct in continuing to explain the implications of a refusal to take the test and indication of urgency amounted to unreasonable pressure that overcame defendant's will to resist *(see, People v Stisi,* 93 AD2d 951).

The court erred, however, in concluding that defendant waived the physician-patient privilege by cross-examining certain witnesses about her physical condition and in admitting the hospital's diagnostic test. "[A] party does not waive the privilege whenever forced to defend an action in which his or her mental or physical condition is in controversy" *(Dillenbeck v Hess,* 73 NY2d 278, 287-288). The cross-examination regarding defendant's condition at the hospital was undertaken to show that her consent to the blood test taken at the request of the police was involuntary, and not to excuse her conduct or to show that her appearance was the result of her injuries instead of intoxication *(see, Dillenbeck v Hess, supra; cf., People v Feldmann,* 110 AD2d 906). Additionally, the People concede that criminally negligent homicide is a lesser included offense of vehicular manslaughter in the second degree *(see,* Penal Law § 125.12) and that the trial court erred in failing to instruct the jury that it could render a guilty verdict for either vehicular manslaughter or criminally negligent homicide, but not both *(see,* CPL 300.50 [4]).

We further conclude that the trial court's refusal to grant defendant's request for a brief one-hour continuance to allow an expert to testify amounted to an improvident exercise of discretion. The witness was prepared to give testimony con-

cerning whether intoxication played a role in causing the accident and death. The court's assessment of the relevance of this testimony was erroneous and, because the court's ruling deprived defendant of her fundamental right to present witnesses in support of her defense, a reversal is warranted (see, People v Foy, 32 NY2d 473; People v Maisonave, 140 AD2d 545).

We reject defendant's claim that the homicide verdicts were not supported by legally sufficient evidence. Defendant's conduct in driving while intoxicated constituted a "gross deviation" from the required standard of care (Penal Law § 15.05 [4]; People v Holt, 109 AD2d 174, lv denied 66 NY2d 615), and the jury could have reasonably inferred that her inability to maintain control of her vehicle and crossing into another lane of travel amounted to culpable criminal conduct which caused the accident and death of the driver of the oncoming vehicle (see, People v Bonner, 136 AD2d 714, lv denied 70 NY2d 1004; People v Rollins, 118 AD2d 949). We have reviewed defendant's remaining claims and find them to lack merit. (Appeal from judgment of Ontario County Court, Henry, J.—criminally negligent homicide, and other charges.) Present—Dillon, P. J., Callahan, Balio, Lawton and Davis, JJ.