■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VELVET L. DELOSH, Appellant. [600 NYS2d 351] —Mahoney, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered June 9, 1992, convicting defendant following a nonjury trial of the crime of vehicular assault in the second degree.

Defendant was indicted for vehicular assault in the second degree and operating a motor vehicle while under the influence of alcohol in connection with a March 1, 1991 automobile accident which occurred at the intersection of Market Street and May Road in the Village of Potsdam, St. Lawrence County. According to eyewitness testimony and defendant's own admissions, defendant drove her vehicle through a steady red light, at a speed in excess of the posted 30 miles per hour limit, and struck the victim's vehicle as it was making a left turn from May Road onto Market Street. Both parties sustained serious injuries. While defendant evidently made a full recovery, the victim, unfortunately, did not. She sustained massive head injuries which left her in a persistent vegetative state.

In light of the facts uncovered by police at the accident scene, notably the existence of a strong alcohol odor on defendant's breath, the presence of a beer bottle between her legs and an admission by her that she had been drinking,

defendant was arrested for driving while intoxicated. In connection therewith, the arresting officer read defendant the driving while intoxicated refusal warnings in the emergency room and, according to him, she consented to the taking of blood and urine tests. The blood test revealed an alcohol content of .15%; the urine test, .20%.

Prior to trial, a suppression hearing was conducted relative to admissibility of the chemical test results. County Court concluded not only that defendant expressly consented to the testing, but also that the implied consent provisions of Vehicle and Traffic Law § 1194 (2) (a) (1) were applicable. Accordingly, the suppression motion was denied. Defendant waived a jury trial and a bench trial was conducted. Upon conclusion of the proof, defendant was found guilty of vehicular assault in the second degree. She was sentenced to 14 to 42 months' incarceration and thereafter filed this appeal.

Initially, we see no error in County Court's refusal to suppress the blood and urine tests. While defendant takes issue with the court's conclusion that she gave express consent, arguing that the severity of her injuries precluded any consent from being knowing and voluntary, based upon our review of the suppression hearing transcript we cannot say that the court's finding lacks support as a matter of law (see, e.g., People v Prochilo, 41 NY2d 759, 761; People v Slater, 173 AD2d 1024, 1025-1026, lv denied 78 NY2d 974). While, concededly, defendant sustained serious injuries and based upon others' observations appeared to be in pain, it is uncontroverted that she was conscious at the time the consent was given and was able to give appropriate responses to other police questions (see, People v Osburn, 155 AD2d 926, 926-927, lv denied 75 NY2d 816; People v Verdile, 119 AD2d 891, 892; People v Cole, 112 AD2d 623). In any event, inasmuch as police observation at the accident scene provided ample basis to conclude that defendant had been driving while under the influence of alcohol and the record reveals that the chemical tests were administered within two hours after defendant was formally arrested on charges of driving while intoxicated, we agree with County Court that the tests were admissible in any event under the implied consent provisions of Vehicle and Traffic Law § 1194 (2) (a) (1) (see, e.g., People v Goodell, 79 NY2d 869, 871).*

---

* Moreover, because the driving while intoxicated charge, a Vehicle and Traffic Law offense, was joined in one indictment with the vehicular assault charge, it is now clear that chemical test evidence admitted in connection

Nor do we agree with defendant that the evidence was legally insufficient to sustain the conviction. The gravamen of this argument hinges upon the quality of proof submitted to establish that defendant acted with criminal negligence, the culpable mental state necessary to sustain a conviction for vehicular assault in the second degree. Based upon a reading of this record and a review of applicable precedent, we have no difficulty concluding that the evidence presented here, to wit, defendant's own admission that she was speeding, eyewitness testimony that her vehicle sped through a steady red light in a downtown area without making any attempt to brake or stop, as evidenced by a lack of skid marks on the road, and ancillary testimony that the vehicle's brakes were in working order, is sufficient to establish that defendant's conduct was a gross deviation from the standard of care that a reasonable driver would observe and that it created a substantial and unjustifiable risk. That being the case, the element of criminal negligence is met (see, Penal Law § 15.05 [4]; *People v Boutin,* 75 NY2d 692, 695-696; *People v Haney,* 30 NY2d 328, 333-335; *People v Van Sickle,* 120 AD2d 897, 899, *lv denied* 68 NY2d 760; *People v Rollins,* 118 AD2d 949, 951; *People v Rennoldson,* 117 AD2d 994). Finally, upon exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence.

We have reviewed defendant's remaining contentions and find them to be without merit.

Weiss, P. J., Levine, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed.

with the former may also be received into evidence with regard to the latter *(see, People v Grant,* 192 AD2d 798).