■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY BOWEN, Appellant. [645 NYS2d 381] —Judgment unanimously affirmed. Memorandum: Defendant contends that County Court erred in permitting a witness to testify about statements defendant made upon arrival at the hospital by ambulance. We disagree. The witness, who was training as an emergency medical technician, testified that defendant said that his blood alcohol content was "way up there", that he had consumed six beers, and that he was "polluted". Those statements were made spontaneously, not in response to questions, and there is no evidence that the information communicated in those statements was necessary for treatment (see, CPLR 4504 [a]; Dillenbeck v Hess, 73 NY2d 278, 283-284). Thus, even assuming, arguendo, that the witness qualified as "a person authorized to practice medicine" under CPLR 4504 (a), defendant failed to establish that his statements were confidential and protected by the physician-patient privilege (see, Koump v Smith, 25 NY2d 287, 294-295). In any event, any error is harmless (see, People v Carkner, 213 AD2d 735, 738, lv denied 85 NY2d 970, 86 NY2d 733; People v Ballard, 173 AD2d 480, lv denied 78 NY2d 961). Several other prosecution witnesses testified that they heard defendant say that he was drunk and had consumed six beers, and defendant does not challenge the admissibility of their testimony.

We further conclude that the court properly denied the motion of defendant to suppress his statements to police officers at the hospital. The court found, following a *Huntley* hearing, that defendant was not in custody before being advised of his *Miranda* rights. That finding is supported by the record. Although defendant was confined to a hospital bed, he was not physically restrained (*see, People v Ripic*, 182 AD2d 226, 230-231, *appeal dismissed* 81 NY2d 776, *rearg denied* 81 NY2d 955). Moreover, the questions asked by the officers were investigatory rather than accusatory in nature (*see, People v Baker*, 188 AD2d 1012, *lv denied* 81 NY2d 967).

Contrary to defendant's contention, the court did not err in admitting results of a blood test to which defendant consented at the hospital. Shortly before consenting to the test, defendant informed police officers of his phone number, age, hair and eye color, height, weight, and marital status, as well as the names of his parents and the town in which they live. Thus, although defendant was suffering from serious injuries when he consented to the blood test, he was not so incoherent that he was incapable of consenting to it (*see, People v Delosh*, 195 AD2d 769, 770, *lv denied* 82 NY2d 753; *People v Osburn*, 155 AD2d 926, 927, *lv denied* 75 NY2d 816). In any event, had defendant been incapable of consent, the blood test results were admissible pursuant to the implied consent provisions of Vehicle and Traffic Law § 1194 (2) (a) (1). The test was conducted within two hours of defendant's arrest, and the police had reasonable cause to believe that defendant had been driving while intoxicated (*see, People v Carkner, supra,* at 739; *People v Bagley*, 211 AD2d 882, 883, *lv denied* 86 NY2d 779).

We reject defendant's contention that the jury's verdict is against the weight of the evidence and unsupported by legally sufficient evidence (*see, People v Bleakley*, 69 NY2d 490, 495). Because defendant did not request that vehicular manslaughter be charged to the jury, the court did not err in failing to do so (*see,* CPL 300.50 [2]; *People v Skinner*, 203 AD2d 891, *lv denied* 84 NY2d 832). The court's *Sandoval* ruling does not constitute an abuse of discretion (*see, People v Walker*, 83 NY2d 455, 458), and defendant was not deprived of effective assistance of counsel (*see, People v Flores*, 84 NY2d 184, 187). Upon our review of the record, we conclude that defendant's sentence is neither unduly harsh nor severe (*see,* CPL 470.15 [6] [b]).

Defendant's remaining contentions are unpreserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to address them as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). (Appeal from Judgment of

Steuben County Court, Bradstreet, J.—Manslaughter, 2nd Degree.) Present—Denman, P. J., Pine, Callahan, Balio and Davis, JJ.