■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL GONZALEZ, Appellant. [659 NYS2d 591] —Judgment unanimously affirmed. Memorandum: Late in the evening on July 17, 1993, a vehicle operated by defendant struck another vehicle broadside at an intersection on County Road 28 in the Town of Farmington. Five people, including two passengers in defendant's vehicle, died as the result of injuries sustained in the accident. Defendant was transported by ambulance to Strong Memorial Hospital in Rochester, where a diagnostic test conducted within 15 minutes of his arrival showed, among other things, that he had a blood alcohol content of .10%. A court-ordered chemical test conducted about two hours later, after defendant had been arrested for driving while intoxicated, revealed a blood alcohol content of .07%.

Following a jury trial in County Court, defendant was convicted of three counts of manslaughter in the second degree,

three counts of vehicular manslaughter in the second degree, four counts of criminally negligent homicide, driving while intoxicated, assault in the second degree, vehicular assault in the second degree, reckless driving and offering a false instru-. ment for filing in the first degree.

Defendant contends that the court erred in admitting that portion of the hospital records disclosing the result of his initial blood test. We disagree. Although the physician-patient privilege of CPLR 4504 (a) applies to criminal proceedings (*see, People v Eckert*, 2 NY2d 126, 128), the court properly determined that defendant waived the privilege by placing his medical condition in issue during cross-examination of a police officer who observed defendant and spoke to him at the hospital (*see, People v Feldmann*, 110 AD2d 906; *see also, Dillenbeck v Hess*, 73 NY2d 278, 287-288). Defendant's reliance on *People v Osburn* (155.AD2d 926, *lv denied* 75 NY2d 816) is misplaced. In that case, the cross-examination of a prosecution witness was undertaken only to show that defendant did not voluntarily consent to a blood test. Here, in contrast, defense counsel attempted to show through cross-examination that the appearance of defendant was the result of his injuries instead of intoxication (*see, People v Feldmann, supra*).

Defendant failed to preserve for our review his contentions that the court erred in admitting into evidence the result of the court-ordered blood test and allowing the testimony of the People's expert regarding the reverse extrapolation method (*see,* CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

The court did not improvidently exercise its discretion in denying defendant's request to present evidence of other accidents at the intersection in question. "It is well settled that proof of a prior accident, whether offered as proof of the existence of a dangerous condition or as proof of notice thereof, is admissible only upon a showing that the relevant conditions of the subject accident and the previous one were substantially the same" (*Hyde v County of Rensselaer*, 51 NY2d 927, 929). Defendant made no such showing in this case.

We reject the contention of defendant in his *pro se* supplemental brief that he was deprived of effective assistance of counsel at trial. The evidence, the law and the circumstances of this case establish that defendant was afforded meaningful representation (*see, People v Satterfield*, 66 NY2d 796, 798-799; *People v Baldi*, 54 NY2d 137, 147). We have reviewed the remaining contentions raised in the *pro se* supplemental brief

and conclude that they lack merit. (Appeal from Judgment of Ontario County Court, Harvey, J.—Manslaughter, 2nd Degree.) Present—Green, J. P., Pine, Lawton, Callahan and Fallon, JJ.