■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LISA BONGIORNO, Appellant. [663 NYS2d 861] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered May 9, 1995, convicting her of vehicular manslaughter in the second degree (two counts) and criminal possession of a controlled substance the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by her to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's car struck another vehicle, killing its two occupants. We agree with the Supreme Court that the inculpatory statements made by the defendant at the hospital were admissible at trial since they were not the product of custodial interrogation but were elicited in the course of the police department's accident investigation (*see, People v Phinney,* 22 NY2d 288; *People v Stackhouse,* 160 AD2d 822). A detective read questions from the police department's standard accident investigation form while the defendant sat, clothed and unrestrained, on a hospital bed near the emergency room (*see, People v Bowen,* 229 AD2d 954; *People v Ripic,* 182 AD2d 226). Although understandably upset, the defendant was coherent and not seriously injured and, in fact, was released from the hospital soon after the questioning. Moreover, the defendant, having been involved in a fatal automobile accident, should

have expected that she would be questioned as part of a police investigation (*see, People v Tankleff,* 199 AD2d 550).

Contrary to the defendant's contention, the detective's additional question regarding the defendant's drug usage, based on information just received from her mother, did not transform the questioning into custodial interrogation but was pertinent to the accident investigation as well as the defendant's ability to answer the investigatory questions accurately. The hearing evidence further demonstrated that the detective ceased any questioning and administered *Miranda* warnings as soon as the defendant stated that she had purchased and smoked phencyclidine (hereinafter PCP) just prior to the accident. The detective's subsequent search of the defendant's purse and jacket, which produced a packet of PCP and a pipe, were thus incident to a lawful arrest. In any event, the evidence showed that the defendant knowingly and voluntarily consented to the search, by stating "go ahead" and emptying the contents of her purse on the bed (*see, People v Alvaranga,* 84 NY2d 985), and to the taking of the blood sample, the testing of which revealed the presence of PCP (*see, People v Delosh,* 195 AD2d 769; *People v Bowen, supra; People v Challis,* 172 AD2d 552).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). Miller, J. P., Pizzuto, Altman and Goldstein, JJ., concur.