◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD D. CRAIG, Appellant. [692 NYS2d 257] —Judgment unanimously affirmed. Memorandum: Contrary to defendant's contention, the verdict is based on legally sufficient evidence and is not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). We further conclude that County Court properly denied the motion of defendant to suppress the results of his blood test taken in the hospital following his motorcycle accident. Although defendant suffered significant injuries as a result of the accident, the record supports the court's determination that defendant voluntarily consented to the blood test (see, People v Bowen, 229 AD2d 954, 955, lv denied 88 NY2d 1019; People v Delosh, 195 AD2d 769, 770, lv denied 82 NY2d 753; People v Osburn, 155 AD2d 926, 927, lv denied 75 NY2d 816; People v Verdile, 119 AD2d 891, 892). The record establishes that defendant was coherent at the hospital and fully capable of answering questions. The police officer asked defendant whether he objected to having his blood drawn and tested for alcohol and he answered no. The police officer then asked defendant whether the doctors could draw blood

from him so that it could be tested for alcohol and he answered yes. In addition, the record establishes that, before the police questioned defendant, the physician treating defendant told them that "he should be able to answer your questions." Furthermore, there is no evidence of coercion, illegal conduct or deception by the officers (*see, People v Osburn, supra*, at 927). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Wayne County Court, Strobridge, J.—Felony Driving While Intoxicated.) Present—Lawton, J. P., Hayes, Wisner, Hurlbutt and Scudder, JJ.