■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS J. GAFFNEY, Appellant. [750 NYS2d 383] —Appeal from a judgment of Jefferson County Court (Martusewicz, J.), entered January 3, 2001, convicting defendant after a jury trial of, inter alia, vehicular manslaughter in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of vehicular manslaughter in the second degree (Penal Law § 125.12 [1], [2]), driving while

intoxicated as a misdemeanor (two counts) (Vehicle and Traffic Law § 1192 [2], [3]), and failure to keep right (§ 1120 [a]). Contrary to the contention of defendant, County Court's determination that his statements to the police were knowing and voluntary is supported by the record and should not be disturbed (*see People v Williams*, 202 AD2d 976, *lv denied* 83 NY2d 916). Similarly, we conclude that the record supports the court's determination that defendant voluntarily consented to submit to a blood test (*see People v Craig*, 262 AD2d 1074, *lv denied* 93 NY2d 1016; *People v Osburn*, 155 AD2d 926, 926-927, *lv denied* 75 NY2d 816). Contrary to defendant's further contention, the court's determination that defendant was not in custody when he made his statements to the police is supported by the record (*see People v Nieves* [appeal No. 1], 258 AD2d 928, *lv denied* 93 NY2d 1023; *People v Smith*, 193 AD2d 1054, *lv denied* 82 NY2d 853).

The general motion to dismiss the indictment made by defendant at trial was insufficient to preserve for our review his present contentions concerning the alleged legal insufficiency of the evidence (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19). Defendant also failed to preserve for our review his contention that the court's comments following a recharge to the jury on the definition of reasonable doubt coerced the jurors into believing that the court expected them to return a unanimous verdict in a short period of time (*see* 470.05 [2]; *see also People v James*, 156 AD2d 125, *lv denied* 75 NY2d 869). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]). Upon our review of the record, we conclude that defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147). Finally, we have reviewed defendant's remaining contention and conclude that it lacks merit. Present—Hayes, J.P., Hurlbutt, Kehoe, Burns and Lawton, JJ.