■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK J. ATWOOD, Appellant. (Appeal No. 1.) [768 NYS2d 918]—

Appeal from a judgment of Cattaraugus County Court (Himelein, J.), entered April 30, 2001, convicting defendant after a jury trial of, inter alia, vehicular manslaughter in the second degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the fine imposed on vehicular manslaughter in the second degree under the second count of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts each of vehicular manslaughter in the second degree (Penal Law § 125.12 [1], [2]) and driving while intoxicated as a misdemeanor (Vehicle and Traffic Law § 1192 [2], [3]), as well as two Vehicle and Traffic Law violations. Defendant contends that his consent to submit to the blood test was neither informed nor voluntary and that the blood test results therefore should have been suppressed. By failing to raise that contention before County Court, defendant failed to preserve it for our review (see CPL 470.05 [2]; People v Atkins, 85 NY2d 1007, 1009 n 2 [1995]). In any event, the evidence before the court established that defendant's consent was knowing and voluntary (see People v Gaffney, 299 AD2d 922, 923 [2002], lv denied 99 NY2d 582 [2003]; People v Craig, 262 AD2d 1074 [1999], lv denied 93 NY2d 1016 [1999]; People v Bongiorno, 243 AD2d 719, 720 [1997], lv denied 91 NY2d 889 [1998]; People v Bowen, 229 AD2d 954, 955 [1996], lv denied 88 NY2d 1019 [1996]).

Defendant further contends that the court should have suppressed his statements to the police because some statements were made while he was in custody and before he was advised of his Miranda rights, and other statements were made after an unknowing and involuntary waiver of those rights. We disagree. The court properly determined that defendant was not in custody until he was arrested, after being treated at the hospital (see People v Panek, 305 AD2d 1098 [2003]). In any event, the statements made by defendant before he was arrested were not

the product of custodial interrogation but, rather, were elicited in the course of an accident investigation (*see id.* at 1098-1099; *Bongiorno,* 243 AD2d at 719-720; *Bowen,* 229 AD2d at 955). After the police advised defendant of his *Miranda* rights, defendant knowingly and voluntarily waived those rights (*see People v Meissler,* 305 AD2d 724, 725-726 [2003]; *People v John,* 288 AD2d 848 [2001], *lv denied* 97 NY2d 705 [2002]).

Defendant failed to preserve for our review his contention that the conviction of both counts of driving while intoxicated is not supported by legally sufficient evidence (*see People v Gray,* 86 NY2d 10, 19 [1995]). In any event, that contention lacks merit, as does his further contention that the conviction of both counts of vehicular manslaughter in the second degree is not supported by legally sufficient evidence (*see generally People v Bleakley,* 69 NY2d 490, 495 [1987]). Defendant also failed to preserve for our review his contention that he was denied a fair trial because the People's expert witness was allowed to be present in the courtroom during the testimony of his own expert witness and, likewise, his own expert witness was present in the courtroom when the People's expert witness testified (*see* CPL 470.05 [2]). Also unpreserved for our review is the contention of defendant that he was denied his right to an impartial jury because of disruptive conduct by the victims' families during the trial (*see id.*). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

The sentence is neither unduly harsh nor severe. We note, however, that the sentence with respect to the second count of vehicular manslaughter is illegal. The court imposed a sentence of concurrent terms of incarceration and a $5,000 fine for each count. Because both counts of vehicular manslaughter were committed through a single act, the imposition of two fines was improper (*see* Penal Law § 80.15; *People v Mack,* 273 AD2d 939 [2000], *lv denied* 95 NY2d 966 [2000]). We therefore modify the judgment by vacating the fine imposed on vehicular manslaughter under the second count of the indictment. We have reviewed defendant's remaining contention and conclude that it is without merit. Present—Green, J.P., Scudder, Gorski, Lawton and Hayes, JJ.