THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL O'HANLON, Also Known as HORSEY O'HANLON, Appellant. [773 NYS2d 633]—

Appeal from a judgment of the Ontario County Court (James R. Harvey, J.), rendered January 28, 2002. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated as a felony (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of driving while intoxicated as a felony (Vehicle and Traffic Law § 1192 [2], [3]; § 1193 [1] [c] [i]). County Court properly determined that the statement of defendant to the police officer at the hospital prior to his arrest was elicited in the course of the officer's investigation of the accident and was not the product of a custodial interrogation (*see People v Atwood*, 2 AD3d 1331 [2003]; *People v Bongiorno*, 243 AD2d 719 [1997], *lv denied* 91 NY2d 889 [1998]; *People v Bowen*, 229 AD2d 954 [1996], *lv denied* 88 NY2d 1019 [1996]). Also contrary to the contention of defendant, the officer had probable cause to arrest him for driving while intoxicated based on his slurred speech and bloodshot eyes, the smell of alcohol on his breath, his admission that he had been drinking and his inability to pass sobriety tests (*see People v Chelenza*, 303 AD2d 991 [2003], *lv denied* 100 NY2d 537 [2003]). Finally, the evidence at the suppression hearing supports the court's determination that defendant's consent to submit to the blood test was voluntary (*see People v Gaffney*, 299 AD2d 922, 923 [2002], *lv denied* 99 NY2d 582 [2003]). Present—Green, J.P., Hurlbutt, Gorski, Lawton and Hayes, JJ.