■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH M. PRUE, Appellant. [779 NYS2d 271]—

Lahtinen, J. Appeal from a judgment of the County Court of

Franklin County (Lawliss, J.), rendered January 25, 2002, upon a verdict convicting defendant of the crimes of vehicular manslaughter in the second degree and driving while intoxicated (two counts) and the traffic infraction of failure to keep right.

In the early morning hours of October 8, 2000, following an evening of drinking at a bar, defendant commenced driving his car with one passenger in the front and the victim, who was acutely intoxicated, laying in the back seat. Shortly thereafter, defendant was involved in a single vehicle accident on Route 190 in the Town of Bellmont, Franklin County, in which his car struck a guide rail, crossed the road and went into a ditch. Although the front seat occupants were not seriously injured, the victim died. The pathologist who conducted the autopsy concluded the cause of death was "Aspiration gastric contents due to Concussion due to Motor vehicle accident Alcoholic intoxication." Defendant was charged in a six-count indictment and the People pursued four of the counts at trial, including vehicular manslaughter in the second degree, driving while intoxicated (two counts) and failure to keep right. A jury found defendant guilty on all four counts. His subsequent sentence included a prison term of 2⅓ to 7 years, a fine of $5,000 and restitution of $9,754 for vehicular manslaughter in the second degree, one year in jail on each of the driving while intoxicated counts, and a fine of $100 for failure to keep right. All the prison terms were concurrent. Defendant appeals.

Defendant argues that his conviction of vehicular manslaughter in the second degree was not supported by legally sufficient evidence. When analyzing legal sufficiency, we view the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]; *People v Toland*, 2 AD3d 1053, 1054 [2003]) and determine whether there is a valid line of reasoning for a rational jury to have found beyond a reasonable doubt each of the essential elements of the crime (*see People v Taylor*, 94 NY2d 910, 911 [2000]; *People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Luck*, 294 AD2d 618, 618-619 [2002], *lv denied* 98 NY2d 699 [2002]). As is relevant in this case, vehicular manslaughter in the second degree is comprised of criminally negligent homicide in which the death is caused by an operator who is driving while intoxicated (*see* Penal Law § 125.12 [1], [2]; *see also* Penal Law § 125.10; Vehicle and Traffic Law § 1192). Defendant contends that the evidence failed to establish criminal negligence and failed to show that his conduct caused the victim's death.

Criminally negligent homicide involves "a failure to perceive a risk of death, [and] some serious blameworthiness in the

conduct that caused it. The risk involved must have been 'substantial and unjustifiable', and the failure to perceive that risk must have been a 'gross deviation' from reasonable care" (*People v Boutin*, 75 NY2d 692, 696 [1990], quoting Penal Law § 15.05 [4]). There was proof at trial that both defendant and the victim had been drinking substantial amounts of beer and shots of liquor throughout the evening and early morning hours. Despite his considerable consumption of alcohol, defendant, after helping place the victim in his car, began driving. Allan Nason, the front seat passenger, testified that, following the accident, he wanted to get help for the victim, but defendant told him not to and, instead, instructed him to assist in attempting to get the car out of the ditch. The accident occurred near a house and the occupant of the house—who awoke at the sound of the accident—stated that he heard the occupants trying to get the car out of the ditch for about half an hour. Several witnesses who came upon the scene more than a half an hour after the accident described defendant as appearing severely intoxicated with slurred speech and difficulty standing. Defendant acknowledged to a police officer at the hospital that he had been drinking and missed a turn because he was going too fast. He submitted to an alco-sensor test that indicated positive for alcohol, and a subsequent blood alcohol test—taken a considerable time after the accident—revealed a level of .17%. This evidence adequately supports the jury's determination that defendant's conduct constituted criminal negligence (*see People v Kraft*, 278 AD2d 591, 591-592 [2000], *lv denied* 96 NY2d 864 [2001]).

Defendant further contends that there was insufficient evidence that his conduct caused the victim's death because the victim choked on his own vomit. Leonardo Dishman, the pathologist who performed the autopsy, testified that the large hematoma on the victim's forehead revealed that he had not choked prior to the accident since such bruising would not have occurred if he had already died. He further explained that, despite the victim's high blood alcohol level, his gag and cough reflexes would have remained responsive. However, Dishman added that the victim sustained a concussion in the accident and a concussion made it "significantly more likely" that the victim was not able to cough and clear his throat from vomit. The evidence adequately established that the victim was alive when he was placed in defendant's car and defendant's conduct was a "sufficiently direct cause" of the victim's death to support the verdict (*People v Kibbe*, 35 NY2d 407, 413 [1974]; *see generally* Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law art 125, at 245-246).

We find unpersuasive defendant's contention that his statements to police at the hospital before he was given his *Miranda* warnings should have been suppressed. County Court's determination, following a *Huntley* hearing, that the statements were given in response to basic accident investigatory questions and not custodial interrogation is supported by the record (*see People v Atwood*, 2 AD3d 1331, 1331-1332 [2003]; *People v Bongiorno*, 243 AD2d 719, 719 [1997], *lv denied* 91 NY2d 889 [1998]). Defendant's answers to those questions and the officer's observation of, among other things, his slurred speech prompted driving while intoxicated and *Miranda* warnings.

The argument that County Court erred, after conducting a *Frye* hearing, in admitting the results of the horizontal gaze nystagmus test is also unpersuasive. We have recently noted the general acceptance and reliability of such tests (*see People v Gallup*, 302 AD2d 681, 684 [2003], *lv denied* 100 NY2d 594 [2003]). Finally, defendant failed to establish an abuse of discretion or extraordinary circumstances that would merit modification of his sentence (*see People v Muir*, 3 AD3d 597, 599 [2004]).

Peters, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.