■ The People of the State of New York, Respondent, v Kim Gore, Appellant. [986 NYS2d 170]—

Appeal by the defendant from a judgment of the County Court, Orange County (Freehill, J.), rendered July 16, 2010, convicting her of aggravated vehicular homicide and manslaughter in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress the results of a blood test and her statements to law enforcement officials.

Ordered that the judgment is affirmed.

After a hearing, the County Court properly found that the de-

fendant was not in custody before being advised of her *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]), and properly denied that branch of her omnibus motion which was to suppress her statements made to police officers at a hospital following a car accident (*see People v Huntley*, 15 NY2d 72 [1965]; *People v Ripic*, 182 AD2d 226, 230-231 [1992]). The initial questions were investigatory in nature and, even though the defendant was not in custody, all subsequent questions were preceded by proper *Miranda* warnings (*see Miranda v Arizona*, 384 US 436 [1966]; *People v Bowen*, 229 AD2d 954, 955 [1996]; *People v Baker*, 188 AD2d 1012 [1992]).

Moreover, the County Court properly denied that branch of the defendant's omnibus motion which was to suppress the results of a blood test. The record reflected that the defendant consented to the blood test while at the hospital. A police officer at the hospital testified that, although the defendant was in some pain, she was not so incoherent that she was incapable of giving consent (*see People v Bowen*, 229 AD2d at 955; *People v Delosh*, 195 AD2d 769, 770 [1993]; *People v Osburn*, 155 AD2d 926, 927 [1989]).

At trial, the defendant requested an adverse inference charge, alleging that the evidence of the blood test was not preserved. The County Court properly denied the request since there was no evidence that the defendant sought to perform independent testing on that blood-test evidence or that the People failed to preserve the blood-test evidence (*cf. People v Scalzo*, 176 AD2d 363 [1991]; *People v Wagstaff*, 107 AD2d 877 [1985]).

The defendant failed to preserve for appellate review her challenge to the County Court's charge with respect to aggravated vehicular homicide (*see* CPL 470.05 [2]; Penal Law § 125.14 [3]). In any event, the "court's charge, taken as a whole, conveyed to the jury the correct standard" (*People v Drake*, 7 NY3d 28, 32 [2006]; *see People v Fields*, 87 NY2d 821, 823 [1995]).

The defendant failed to preserve for appellate review her contention that the convictions of aggravated vehicular homicide (Penal Law § 125.14 [3]) and manslaughter in the second degree (Penal Law § 125.15 [1]) were not supported by legally sufficient evidence (*see People v Hawkins*, 11 NY3d 484 [2008]; CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to prove the defendant's guilt of those crimes beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we accord great

deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we find that the verdict of guilt as to those crimes was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Delgado*, 80 NY2d 780 [1992]; *People v Thompson*, 60 NY2d 513, 519 [1983]; *People v Suitte*, 90 AD2d 80, 85-86 [1982]). Eng, P.J., Miller, Hinds-Radix and Maltese, JJ., concur.